G. W. C. McCOY ET AL., Respondents, *v.* J. B. OLD-HAM, Appellant.

Appeal—Undertaking on Appeal.—An undertaking on appeal from a judgment in the sum required by law upon a single appeal, does not make effectual an appeal from an order refusing a new trial, although taken at the same time and by the same notice.

Appeal—Statement—Bill of Exceptions—Practice.—Upon an appeal from a judgment without a statement or bill of exceptions, nothing can be considered except the judgment roll; and if no error appear therein, the judgment will be affirmed.

*A. Heed*, for the appellant.

*J. Brumback*, for the respondents.

Noggle, C. J., delivered the opinion. Whitson and Hollister, JJ., concurred in the judgment.

This action was originally commenced by the plaintiff, McCoy, a workman employed by Mullany & Binns, to work on the defendant's building in Boise City, Ada county, Idado territory, to enforce a lien upon such building for his said work. McCoy was demurred out of court, but before that had been done, Mullany & Binns, original contractors, appeared and filed their claims as mechanic lien-holders. It may be said that this is an equity case. It was tried before the court without a jury; the testimony, by the transcript, appears to have been taken in open court, as in a law case, tried by the court without objection. After the trial a statement was made and settled, on which to move for a new trial, the same as in a law case.

A motion for a new trial was made, and overruled by the court. No other ruling of the court is stated, except the final decree. There is no certificate showing that any exceptions were taken; there is no bill of exceptions in the case, and there is no certificate of the judge of the district court or of his clerk, showing that the evidence has all been presented and sent to this court. No assignment of errors is in the statement or made in this court now, excepting the errors assigned on the motion for a new trial. In appealing the case to this court, the notice of appeal specifies that

the defendant appeals from the whole of the judgment made and entered against him on the twentieth day of May, 1872; and also from the decision of the judge of said court upon a motion for a new trial in said action. The notice may include both appeals, and, so far, the appellant was correct in practice.

In order to render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant, by at least two sureties, to the effect, etc., in a sum of money not less than three hundred dollars; or that sum must be deposited, etc.; and by section 303, on page 78 and 79 of the fifth session laws, "in all cases the undertaking or deposit may be waived by the written consent of the respondent." In this case there is no pretense that there is either a deposit or a waiving; but on the part of the appellant, it is insisted, that there is one bond in the case, which is ample in amount with good sureties.

Suppose we had the certificate of the clerk of the district court, to the effect that the appellant had taken an appeal, and that he had deposited with him the sum of three hundred dollars to pay all costs and damages that might be awarded against him on his appeal from the judgment aforesaid; and after making the deposit, for some cause, he should become doubtful about such appeal, and he should dismiss the appeal, pay up the costs and damages, and then call for his deposit, and the clerk should then say to him, "In your notice of appeal you gave notice of an appeal from the order overruling the notice for a new trial, and that appeal you have not dismissed." Might not the appellant then say. "That appeal I never perfected, either by obtaining the written waiver of the respondent, making the deposit or by giving a bond that in any way refers to the appeal from that order. Consequently, under section 296, on page 136 of the second session law, the supreme court never obtained jurisdiction of that appeal. And here is your receipt for the deposit, in which you state that the money is to be returned to me upon producing the certificate of the clerk of the supreme court, showing that I have

paid all costs and damages awarded against me on the appeal from the judgment in the district court, and here is the certificate of the clerk of the supreme court to that effect. I now want the money"? Would not the clerk of the district court then be compelled to give up the money?

We think it would not be legal for the clerk of the district court to apply the deposit any differently than to the purposes for which it was made.

Then supposing a bond was given, as in this case, ample in amount, if you please, for both appeals, with good sureties, but it .should, as this bond does, say: "Whereas a judgment and decree was rendered against said J. B. Oldham and in favor of said intervenors, Mullany & Binns, on the twentieth day of May, A. D. 1872, for the sum of three hundred and seventy dollars and seventy-four cents, and eighty-seven dollars and twenty-five cents costs of suit, and whereas said J. B. Oldham has appealed to the supreme court of Idaho, from the decision, judgment, and decree of said district court; now, in case of," etc.; the bond saying not a word about the appeal from the order of the judge of the district court overruling the motion for a new trial, could such a bond possibly be used on an appeal from any order?

It seems to the court, that the sureties in such a bond can not be made liable for anything not in the bond, and that it can not be made effectual upon an appeal from the order overruling the motion for a new trial.

In this case there is no certificate of the clerk, that any deposit was made; no written consent of the respondent of a waiver, under the statute; and no bond perfecting the appeal from the order overruling the motion for a new trial.

We are well aware of the fact, that the statute does not seem to require these things to be sent to the supreme court; but the statute has actually made these things necessary, in order to perfect an appeal, so as to give the supreme court jurisdiction to entertain and determine the case. As long as the above acts are necessary to give the supreme court jurisdiction of the case, some measures are necessary, to inform that court that it may

try said cause, where there is no pretense of making a deposit, or of a waiver, in writing; but the party, as in this case, relies upon a bond, which is sent to this court in the transcript; and when examined, it is found to be no bond on appeal from the order overruling the motion for a new trial; that appeal must, then, fail, and the evidence in the statement goes with it.

Where there is no written waiver and no deposit we must regard the giving of the bonds under section 296 of the civil practice act necessary to give jurisdiction. The supreme court of the United States have decided, in 8 Wall. 309, that no consent of counsel can give jurisdiction; but supposing the court should consider the case properly appealed from the judgment and from the order overruling the motion for a new trial, the district court has made a decree, although the case from the records appears to have been tried as a law case, without objection, no findings are on file, and none requested, no exceptions were taken upon the trial, and none to any ruling of the court, and nothing to show that the court made any rulings; no errors have been assigned, except the errors assigned on the motion for a new trial. If errors had been assigned without exception, this court could not consider such errors, any further than they are made to appear of record. There is no certificate showing that all the evidence that was before the district court is now before this court, and no exceptions to any ruling of the court. We must insist that the question of appealing a case, or from an order in a case to this court, this being an appellate court, is the way by which this court gets jurisdiction of the case. Whenever this court can discover that the steps necessary to give it jurisdiction have not been attempted, such matter or question should be dismissed from its further consideration; and we think it may be dismissed, either on its own or some other motion. In the case of *Horn* v. *Volcano Water Company*, 18 Cal. 141, it was decided that, where the notice of appeal recites that the appellant appeals both from an order granting a writ of assistance and from an order refusing to set it aside, and the undertaking or appeal stipulates to answer the conse-

quences of the appeal from the former order only, held, that this order alone will be considered by the supreme court.

For these reasons the judgment of the district court must be affirmed.