(January 27, 1888.)

## SEBREE ET AL. v. SMITH.

[16 Pac. 477.]

RULES OF COURT—TIME TO FILE TRANSCRIPT.—A transcript filed on Friday preceding Monday, the first day of the term of this court, is in time under the rules of the court.

UNDERTAKING ON APPEAL—WHEN THERE ARE TWO APPEALS AND THE UNDERTAKING FAILS TO SPECIFY VOID FOR UNCERTAINTY.—An undertaking on appeal under section 4809 of the Idaho code, intended to apply to several appeals in the same action, must specify each of such appeals, and will not be construed to apply to appeals not mentioned therein.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Kingsbury & McGowan, for Appellants.

No authorities cited upon the point which the court decides.

A. F. Montandon, for Respondent.

No brief filed in case.

BUCK, J.—The respondent filed his motion to dismiss the appeal on two grounds, to wit: 1. Because the transcript was not filed in time; and 2. From the order overruling the motion for a new trial, because there was no undertaking filed on said appeal. The transcript was filed in this court on the sixth day of January, 1888. The first day of this term was the ninth day of January. Rule 2 provides that, in an appeal perfected thirty days before the commencement of the next regular term or adjourned term of this court, the transcript shall be filed at least three days before the first day of said term. Rule 3 provides that if the transcript of the record is not filed within the time prescribed by rule 2 the appeal may be dismissed on motion, without notice, on Monday during the week in which the cause is subject to call under rule 8. Section 8 of our code provides that "the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." We think this provision should control, and that the transcript was filed in time. The motion to dismiss the appeal on that ground is therefore overruled.

The motion to dismiss the appeal from the order overruling a motion for a new trial is based upon the alleged failure of appellant to file the necessary undertaking. There are two notices of appeal—one from the judgment, and one from the order overruling the motion for a new trial—and two undertakings on file in this case. The language of the undertakings is: "Whereas, the plaintiffs in the above-entitled action appeal to the supreme court of Idaho territory from the judgment made and entered against them on the twenty-fifth day of June, 1887: Now, therefore, in consideration of the premises and of such appeal we, Chas. G. Burnside and Chas. P. Doane, do jointly and severally undertake and promise on the part of the appellants that the said appellants will pay all damages and costs which may be awarded against them on the appeal." The language of the two undertakings is identical as far as quoted, and they were signed by the same sureties, and filed on the same day. No reference, in terms or otherwise, is made in either of these undertakings to an appeal from the order overruling the motion for a new trial. It is claimed, however, that under our

code these undertakings an appeal from the judgment are sufficient to sustain the appeal from the order overruling the motion for a new trial. Section 4809 provides "that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders, are taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made." While this provision would undoubtedly allow one undertaking to be so drawn as to be sufficient for several appeals in the same action, we think the language should designate that the undertaking is given in all such several appeals. The language in these undertakings refers to the appeal from the judgment alone, and specifies that it is given in consideration of such appeal. We think that the sureties would not be liable for damages or costs on any appeal not specified in the undertaking. We are therefore of the opinion that there is no undertaking on the appeal from the order overruling the motion for a new trial, and said appeal is hereby dismissed. (Hayne on New Trial and Appeal, sec. 211; *Horn v. Water Co.*, 18 Cal. 142; *Bornheimer v. Baldwin*, 38 Cal. 671; *Sharon v. Sharon*, 68 Cal. 326, 9 Pac. 187; *Chester v. Association*, 64 Cal. 42, 27 Pac. 1104.)

Hays, C. J., and Broderick, J., concurring.