[No. 14162.   Department One. — May 20, 1891.]

THE PACIFIC PAVING COMPANY, RESPONDENT, *v.*
JAMES R. BOLTON ET AL., APPELLANTS.

APPEAL — DISMISSAL — FAILURE TO FILE UNDERTAKING — NEW-TRIAL
ORDER. — Where an appeal is taken both from the judgment and from
an order denying a new trial, and the undertaking on appeal does not
refer to the new-trial order, and no separate undertaking is filed on ap-
peal therefrom, the appeal from the new-trial order will be dismissed,
although at the time the motion to dismiss the appeal was heard the
appellants had filed an undertaking in the supreme court.

ID. — UNDERTAKING IN SUPREME COURT — CONSTRUCTION OF CODE —
AMENDMENT OF DEFECT. — The filing of a new undertaking in the
supreme court, under section 954 of the Code of Civil Procedure, is
limited to cases of defective undertakings, and the filing of an under-
taking in the supreme court, where there is no defective undertaking on
file to amend, is of no avail.

MOTION to dismiss an appeal from an order of the
Superior Court of the city and county of San Francisco
denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood,* for Appellants.

*Otto tum Suden,* for Respondent.

GAROUTTE, J. — This is a motion to dismiss an appeal
from an order denying a new trial.

It is based upon the ground that the appeal was not
perfected within the time required by law, inasmuch as
appellants filed no undertaking on appeal from the order
denying the motion for a new trial.

It appears that appellants filed an undertaking on
appeal from the judgment in the sum of three hundred
dollars, coupled with an undertaking in the sum of five
hundred dollars, for the purpose of staying the execu-
tion, conditional upon the affirmance of the judgment.

No reference whatever is found in the undertaking as

to any appeal from the order denying defendants' motion for a new trial.

At the time this motion was heard, appellants had filed a sufficient undertaking in this court, approved by the Chief Justice, claiming the benefits to be derived from section 954 of the Code of Civil Procedure, and claiming that the original undertaking was simply insufficient.

Their contention in this regard cannot be sustained, and their action in filing the undertaking in this court is of no avail.

The filing of a new undertaking in this court, in accordance with the foregoing section of the code, is limited to cases of defective undertakings, and in this case there is nothing whatever upon which to found a valid undertaking upon an appeal from the order denying the new trial.

The undertaking filed in the lower court does not refer to any appeal from the order denying the motion for a new trial, and upon its face there is an entire absence of anything to indicate that such was its purpose and intent.

The foregoing facts of this case are the same as are found in *Schurtz* v. *Romer*, 81 Cal. 244, and the court, in dismissing that appeal, said: "For these reasons the bond approved and filed in this court was ineffectual for any purpose, and the appeal must be dismissed"; and to the same effect is *Berniaud* v. *Beecher*, 74 Cal. 618.

Appellants' counsel relies upon section 965 of the Code of Civil Procedure, which provides that executors who have given official bonds may rely upon such bonds in appeals from orders and judgments of the superior court in matters pertaining to the estate, etc.

It is sufficient to say that there is nothing in the record to show that the defendant executors ever gave any official bond, and, again, this is not an appeal from an order made in the " proceedings had upon the estate."

While the notice of the motion to dismiss the appeal

is technically defective, it is plainly apparent that the error is clerical, and it should not be invalidated for such reason.

Let the appeal from the order be dismissed.

HARRISON, J., and PATERSON, J., concurred.