(March 13, 1919.)

## STINE LUMBER & SHINGLE COMPANY, a Corporation, Appellant, v. FRANK E. HEMENWAY, Respondent.

[179 Pac. 505.]

APPEAL AND ERROR—MOTION TO DISMISS—TIME OF FILING TRANSCRIPT—
CONTENTS OF TRANSCRIPT—UNDERTAKING.

1. A transcript on appeal, filed in this court within sixty days after settlement of the reporter's transcript of the testimony by the trial judge and within six months of the perfecting of the appeal, is filed within the time prescribed by rule 26 of this court.

2. No showing of diligence or application to any member of this court for extension of time is required when a transcript is filed within the time so prescribed by the rules of this court.

3. Service of copies of the clerk's transcript of the record and the reporter's transcript of the testimony, bound together, within the time required by C. L., sec. 4434, is a compliance with the mandatory requirements of secs. 4434 and 4820a as to service, and in case the respondent's attorney fails to return his copy to the clerk for completion prior to the time of settlement of the reporter's transcript of the testimony by the trial judge, the appellant is not required to make any additional service of the record.

4. Where an appeal is taken from a judgment, and also from an order denying a motion for a new trial, and but one undertaking on appeal is filed, in which reference is made to the judgment only, the appeal from the order must be dismissed for want of an undertaking.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County.   Hon. John M. Flynn, Judge.

Action for money had and received and damages.  Motion to dismiss appeals from judgment and order denying a new trial.  Denied as to appeal from judgment, and granted as to appeal from order overruling motion for a new trial.

E. N. La Veine, for Appellant.

C. H. Potts, for Respondent.

Counsel cite no authorities on points decided.

RICE, J.—This is an appeal from a judgment and from an order denying a motion for a new trial. The respondent moves that the appeal from the judgment be dismissed, and also that the reporter's transcript of the testimony be stricken from the record. It is urged that the appeal should be dismissed for the reason that the transcript on appeal was not served upon the respondent, or his attorney, nor filed in this court within sixty days after the appeal from the judgment was perfected, and no extension of time for serving and filing the said transcript on appeal was applied for or granted.

The appeal was perfected April 13, 1918. The transcript of the testimony was ordered by the judge and lodged with the clerk May 14, 1918. The clerk prepared his transcript of the record and delivered two copies, bound with the reporter's transcript, to the attorney for appellant on June 21, 1918. On June 25, attorney for appellant delivered one copy thereof to the attorney for respondent. The reporter's transcript was settled by the trial judge Aug. 9, 1918, and the complete record was filed in this court Oct. 7, 1918.

By the proviso of rule 26 it is provided that in all cases in which an appeal shall contain a reporter's transcript of the testimony, the record must be served and filed in this court within sixty days after said reporter's transcript has been duly settled by the trial court, unless the reporter's transcript is settled prior to the taking of the appeal. It is also provided that no transcript may be filed in this court more than six months after the appeal has been perfected, except by order of the court, or a member thereof, upon a showing of diligence on the part of appellant. The transcript in this case was filed within sixty days after the reporter's transcript of the testimony was settled by the trial judge, and within six months after the appeal was perfected, and was, therefore, filed within the time prescribed by rule 26.

An order by a member of this court extending the time for filing a transcript is only required in cases where the transcript is not filed within the time prescribed by rule 26.

It is also urged that the transcript as filed in the supreme court was never served upon the respondent, or his attorney, since the copy served on the attorney for respondent on June 25, 1918, did not contain a copy of any order settling the reporter's transcript, or any copy of proof of delivery by the clerk of the district court of the reporter's transcript of the testimony to appellant, or its attorney, or an acknowledgment of the receipt thereof showing the date of such delivery as required by rule 20 of this court.

C. L., sec. 4434, requires that copy of the reporter's transcript of the testimony shall be served upon respondent, or his attorney, within five days from the receipt thereof by appellant, or his attorney, together with notice particularly designating, by page and line, any errors or omissions which he claims to be disclosed by the transcript. This service has been held to be mandatory. (*Strand v. Crooked River etc. Co.*, 23 Ida. 577, 131 Pac. 5; *Bohannon Dredging Co. v. England*, 30 Ida. 721, 168 Pac. 12; and see *Hansen v. Boise Payette Lumber Co.*, 30 Ida. 801, 168 Pac. 163.) The record in this case shows that this service was made within the time required by the statute.

C. L., sec. 4820a, provides that the appellant, or his attorney, shall, immediately upon receipt by him, serve a copy of the clerk's complete transcript upon the adverse party or his attorney. An examination of this section shows that the clerk's complete transcript has reference only to that part of the record which is officially certified to by him. A distinction is made in the section between the clerk's transcript and the reporter's transcript of the testimony. In subdivision (2) of the section it is provided that upon the completion of the clerk's transcript he shall bind therewith the reporter's transcript prepared under sec. 4434. Neither the statutes nor the rules of the court require that the clerk's transcript of the record shall be bound with the reporter's transcript and delivered to the attorney for appellant prior to the settlement of the reporter's transcript. Probably in most cases the clerk will deliver the reporter's transcript of the testimony to appellant, or his attorney, for service alone,

and will not bind his own transcript of the record with the reporter's transcript of the testimony until the same has been settled by the trial judge. He will then be in position to deliver the complete transcript of the record and of the testimony, bound together, to the appellant, or his attorney, for service. But no statute is violated nor injury done by pursuing the method used in this case. The service required by sec. 4434 was made; so also was the mandatory service required by sec. 4820a.

It appearing that the respondent failed to return to the clerk the copy of the reporter's transcript served upon him June 25th, he cannot complain that the complete transcript, containing copy of the certificate of settlement of the reporter's transcript, and copies of the orders and proofs of acknowledgments of service, required by rule 20 of the rules of this court, was not served upon him.

The motion to dismiss the appeal from the judgment will be denied.

For similar reasons, the motion to strike the reporter's transcript of the testimony from the record will be denied.

Respondent moves to dismiss the appeal from the order overruling appellant's motion for a new trial for the reason that no undertaking was given on the appeal from that order. By the notice of appeal, it is specified that the appeal is taken both from the judgment and from the order of the court overruling and denying appellant's motion for a new trial. The undertaking on appeal recites that the appellant is about to take an appeal to the supreme court from the judgment, particularly describing it by date and page of record in the book of Judgments. The undertaking then provides that in consideration of such appeal the principals and sureties named give the undertaking conditioned as required by statute. No reference is made in any part of the bond to the appeal from the order denying appellant's motion for a new trial.

C. L., sec. 4809, provides that if any undertaking be insufficient or defective in any respect, the insufficiency or defect shall be deemed waived unless respondent, within

twenty days after filing such undertaking, shall file and serve upon the appellant, or his attorney, a written notice pointing out specifically the defects and insufficiencies of such undertaking.

In *Martin v. Wilson,* 24 Ida. 363, 134 Pac. 532, on rehearing, this court refused to dismiss the appeal for the reasons therein pointed out. In that case, however, the recitals in the undertaking on appeal referred to both appeals, and were held to be defective as applied to either, and the defect, not having been pointed out, any objection thereto was waived. (See, also, *Clear Lake Power & Imp. Co. v. Chriswell,* 31 Ida. 339, 173 Pac. 326.) In the case at bar, however, it is impossible to hold that any undertaking whatever on appeal from the order denying appellant's motion for a new trial was given. Obviously there was no defect or insufficiency to be pointed out by respondent. This is a case of an entire absence of an undertaking.

The appeal from the order overruling appellant's motion for a new trial must therefore be dismissed. (*McCoy v. Oldham,* 1 Ida. 465; *Sebree v. Smith,* 2 Ida. 357, 16 Pac. 477; *Young v. Tiner,* 4 Ida. 269, 38 Pac. 697; *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583; *Pacific Paving Co. v. Bolton,* 89 Cal. 154, 26 Pac. 650.)

Morgan, C. J., and Budge, J., concur.