(March 19, 1923.)

## SPOKANE CATTLE LOAN CO., Appellant, v. CRANE CREEK SHEEP COMPANY, Respondent.

[213 Pac. 699.]

Absence of Undertaking on Appeal from Order Denying New Trial.

Where an appeal is taken from a judgment, and also from an order denying a motion for a new trial, and but one undertaking on appeal is filed, in which reference is made to the judgment only, the appeal from the order must be dismissed for want of an undertaking.

APPEAL from District Court, Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Motion to dismiss appeal from order denying new trial, on the ground that the undertaking refers to the judgment only. *Appeal dismissed.*

W. E. Cameron, for Respondent, files no brief.

E. G. Davis, for Appellant.

In view of the positive requirement of C. S., sec. 7154, with reference to the designation of defects or insufficiencies,

the appellant should clearly be given the benefit of any doubt which exists in this respect, and, since the undertaking on appeal particularly refers to an appeal from "an order" and "a judgment," it should, under the circumstances of this case, be held sufficient. (*Martin v. Wilson,* 24 Ida. 353, 134 Pac. 532; *Stine Lumber & Shingle Co. v. Hemenway,* 32 Ida. 153, 179 Pac. 505.)

BUDGE, C. J.—In this case respondent has moved to dismiss the appeal from the order denying motion for a new trial, upon the ground that no undertaking on appeal from such order was given.

From the record it appears that judgment was entered on July 8, 1922. Plaintiff made a motion for a new trial, which was denied on September 13, 1922. On October 4th thereafter plaintiff served and filed notice of appeal from both the judgment and the order denying motion for a new trial. On the same day an undertaking for costs on appeal was filed, which recites:

"Whereas the above named plaintiff and cross-defendant desires to give an undertaking on appeal to the supreme court of the state of Idaho, from an order and judgment in the above named case rendered on the 8th day of July, 1922. . . . .

"Now therefore . . . . undertakes and promises that the said plaintiff and cross-defendant will pay all damages and costs which may be awarded against them on the appeal or on a dismissal thereof, as provided in sec. 7154 of the Idaho Compiled Statutes, not exceeding, however, the sum of three hundred dollars."

The recital in the first paragraph of the undertaking specifically limits the obligation of the bond to the appeal from the judgment. The second paragraph mentions the "appeal" in the singular, which taken in connection with the recital in the first paragraph can only be presumed to refer to the appeal from the judgment.

This undertaking is wholly silent with reference to the appeal from the order denying a new trial. It is, therefore,

not a case of a defective undertaking, the defect in which might be waived by failure of the respondent to object thereto under C. S., sec. 7154, but it is a case of no undertaking at all, so far as the appeal from the order denying a new trial is concerned.

The sureties cannot be made liable for anything not in the bond. (*McCoy v. Oldham;* 1 Ida. 465.)

"Where an appeal is taken from a judgment, and also from an order denying a motion for a new trial, and but one undertaking on appeal is filed, in which reference is made to the judgment only, the appeal from the order must be dismissed for want of an undertaking." (*Stine Lumber & Shingle Co. v. Hemenway,* 32 Ida. 153, 179 Pac. 505, citing *McCoy v. Oldham,* 1 Ida. 465; *Sebree v. Smith,* 2 Ida. 357, 16 Pac. 477; *Young v. Tiner,* 4 Ida. 269, 38 Pac. 697; *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583; *Pacific Paving Co. v. Bolton,* 89 Cal. 154, 26 Pac. 650.)

Under these authorities the appeal from the order denying motion for a new trial should be dismissed, and it is so ordered.

McCarthy, Dunn and William A. Lee, JJ., concur.