[Civ. No. 4619. Second Appellate District, Division One.—December 17, 1923.]

## JOHANNA BEVERLY, Petitioner, v. Honorable C. W. GUERIN, Judge, etc., Respondent.

[1] APPEAL—MODIFICATION OF INTERLOCUTORY DECREE OF DIVORCE—REFUSAL TO FIX STAY BOND—MANDAMUS.—Where, in an action for divorce, after the interlocutory decree has become final with respect to those portions thereof relating to the division of the community property, the trial court, pursuant to a petition of the husband, modifies such decree and directs the wife to deliver up possession of certain real and personal property, and the wife appeals from such modifying order, she is entitled to give an undertaking to stay the execution of the same in such sum as shall be fixed by the judge of the trial court; and upon the refusal of the judge to fix the amount of the stay bond on such appeal, *mandamus* will lie to compel him to do so.

PROCEEDING in Mandamus to compel C. W. Guerin, Judge of the Superior Court of Los Angeles County, to fix the amount of a stay bond on appeal. Peremptory writ issued.

The facts are stated in the opinion of the court.

Fred J. Spring, Samuel H. Garrett and William Crop for Petitioner.

Cooper, Collings, Shreve & Lee and Leslie S. Bowden for Respondent.

CONREY, P. J.—In this proceeding an alternative writ of mandate was issued requiring respondent judge of the

superior court to fix the amount of a stay bond on appeal, or show cause why he should not be required so to do.

From the petition and the return to the writ we understand that in a certain action wherein petitioner Johanna Beverly is plaintiff and Chester Beverly is defendant, the superior court on the tenth day of May, 1923, determined that the defendant as cross-complainant is entitled to a divorce by reason of extreme cruelty on the part of the wife as charged in the cross-complaint. The interlocutory decree entered at that time, in addition to establishing cross-complainant's right to a divorce, awarded to Mrs. Beverly the custody of their minor child, provision being made for a monthly allowance to be paid by Mr. Beverly to Mrs. Beverly for the support of said minor child. The parties owned certain community property, concerning which the decree ordered "that the comparatively small equity in the property which both sides agree is community property, will be, and is assigned to the defendant, with the exception of the property consisting of the lot with three houses located at 1414 East 23d St. in the City of Los Angeles, California, and described as Lot 4, Block 8, Geo. Dalton Sr. Tr. recorded in said county, one of which is now occupied by the plaintiff, and which shall be assigned to her together with the furnishings—the other property consisting of the equity in the vacant lot on East Washington Street in the said City of Los Angeles, California, is hereby assigned to the defendant, Chester Beverly."

On the first day of October, 1923, pursuant to a petition of Mr. Beverly and an order to show cause, and after a hearing thereon, the court ordered "that the interlocutory decree concerning the maintenance and support of the minor child of the plaintiff and defendant, and the assignment of the property to plaintiff for her maintenance and support be, and the same is hereby modified as follows, to-wit: The equity in the property known and called 1414, 1414½ and 1416 East 23rd Street, Los Angeles, California, consisting of three (3) houses be, and the same is hereby reassigned to the defendant, said property being hereby declared to be community property, subject to the further order and disposition of this Court. Upon such property so re-assigned to the defendant, the defendant is to pay all the upkeep, interest on mortgage, taxes and necessary ex-

penses incident thereto. That plaintiff is to have the right
to live and reside, with her minor child, in either one of
the two houses in the rear, known as 1414½ and 1416 East
23rd Street, as she may desire, such election to be made
within two days after the service of this order upon her or
her attorneys, such selection to be made by serving on the
attorneys for the defendant herein a written notice of such
selection. That in addition thereto, for the maintenance and
support of herself and minor child, defendant is to pay
plaintiff on the 10th day of each and every month, the sum
of fifty ($50.00) dollars a month. The change of possession
is to be made in this way: That until the tenants now
occupying houses 1414½ and 1416 shall be legally removed
therefrom by the defendant, that the order heretofore made
by the court is to stand in full force and effect, that is to
say, that defendant is to pay the sum of thirty-five ($35.00)
dollars a month, and plaintiff is to receive the rents and
income from the profits above described.

"Defendant is hereby directed to give legal notice to the
tenants now in possession of 1414½ and 1416 East 23d
Street, to remove therefrom, and plaintiff, as soon as such
house of her selection is vacated, is to immediately remove
from premises known as 1414 East 23rd Street, and to sur-
render possession thereof to the defendant, including the
furniture and furnishings therein located."

On November 3, 1923, plaintiff duly served and filed her
notice of appeal from said order entered on the first day of
October, 1923, and said appeal is now pending. On the
twelfth day of November, 1923, pursuant to notice duly
given, the plaintiff made application to respondent to fix
the amount of the stay bond on appeal required on the part
of the plaintiff to stay the execution of said order of Octo-
ber 1, 1923, for the delivery of possession thereunder of
the property therein mentioned, during the pendency of said
appeal. The court, without passing upon the question as
to the amount for which the bond should be given, decided
as a matter of law that appellant was not entitled to any
order fixing the amount of said bond, and thereupon the
court denied said application. Hence this application for a
writ of mandate.

[1] Prior to the first day of October, 1923, the inter-
locutory decree had become final with respect to those por-

tions thereof relating to the division of the community property between the plaintiff and the defendant. Such, at least, is the theory of appellant which, for the purposes of the present proceeding, we think should be assumed to be correct. (*Newell* v. *Superior Court,,* 27 Cal. App. 343 [149 Pac. 998] ; *Pereira* v. *Pereira,* 156 Cal. 1 [134 Am. St. Rep. 107, 28 L. R. A. (N. S.)· 880, 103 Pac. 488].) Therefore, with reference to the provisions of law applicable to a stay bond, appellant has whatever rights are incident to the prosecution of an appeal from a final judgment or from an order made after final judgment. Since the order from which the appeal is taken requires appellant to deliver up possession of personal property and also to deliver up possession of real property, she is entitled to give an undertaking to stay the execution of the same in such sum as shall be fixed by the judge of the trial court. Therefore, she is entitled to an order fixing the amount in which such bond shall be given. (Code Civ. Proc., secs. 943, 945, and 947.)

The judge having refused to perform the duty thus imposed upon him by law, and it appearing that there is no other plain, speedy, or adequate remedy therefor in the ordinary course of law, a proper case is shown for the granting of a writ of mandate. (Code Civ. Proc., sec. 1085.)

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.