233 P.2d 1030
O'BRIEN v. O'BRIEN et al.

No. 7772.

Supreme Court of Idaho.

July 6, 1951.

As Modified on Denial of Rehearing

Aug. 1, 1951.

W. S. Hawkins, Coeur d'Alene, H. J. Hull & Sons, Wallace, for appellant.

Elder, Elder & Smith, Coeur d'Alene, for respondents.

GIVENS, Chief Justice.

Petitioner, defendant in a divorce proceeding, her former husband therein plain-

tiff and one of defendants herein, seeks permanent writs of prohibition and mandate to, in effect, preserve the status quo ante of the possession, to the extent hereafter indicated, of the community property of the parties pending an appeal by petitioner challenging the distribution of the property made by the trial court in connection with granting her a divorce on her cross-complaint.

January 29, 1951, the learned trial Judge notified respective counsel he intended to award petitioner a divorce, and apportion the property between the parties, and asked counsel to submit an agreement on the designated division. February 9, 1951, petioner's counsel advised that no agreement could be reached. February 16, O'Brien's counsel advised the Court he did not agree with the Findings of Fact. The same day the Court wrote his counsel directing him to prepare an Order requiring petitioner's attorney to deliver all of the personal property, except that in the home at Hayden Lake and an automobile, to the Clerk of the Court, and on February 17, the Court entered an order to that effect.

February 20, petitioner's counsel complied, with this written acquiescence: "The surrender of these monies, checks, securities, and other instruments above itemized is pursuant to the ultimatum of the Court to abide the ultimate decision in this proceeding."

February 22, and prior to the entry of a decree, the Court authorized and instructed the Clerk of the Court to—"* * * forward all certificates of stock in his possession * * * to the main offices of the various companies which the stock represents with instructions to issue two certificates of stock, one to Jerry T. O'Brien and one to Zalia M. O'Brien in equal amounts for the certificates forwarded by him."

February 25, 1951, petitioner prayed an alternative writ of prohibition herein: "* * * arresting the proceedings in this action other than the making and entering of such Findings, Conclusions and Decree, as the Trial Court deems proper * * *."

Pursuant to such petition, this Court ordered the Honorable District Court and Clerk thereof to desist and refrain from forwarding such stock certificates as above set forth and to show cause on or before the 12th of March, 1951, why such restraining alternative writ of prohibition should not be made permanent. Return day was extended and March 16, 1951, the District Judge cancelled and set aside his Order of February 22 and made a corresponding return to this Court.

March 27, the District Judge made Findings of Fact and Final Decree, awarded a divorce to petitioner, vested title to all said certificates of stock in defendant O'Brien, and ordered the Clerk to deliver possession thereof to O'Brien forthwith. March 28, petitioner filed notice of appeal to this Court from said Decree and served the same on counsel for O'Brien on March 31.

March 29, O'Brien sold the stock and securities and at the same time ordered his broker to issue certificates of stock which he had been ordered to deliver to petitioner, i. e., approximately one-half thereof, and deliver them to the Clerk of the District Court.

April 4, 1951, petitioner sought the alternative writs of prohibition and mandate herein, issued by this Court April 11, ordering the Defendant District Judge, O'Brien, and his attorneys to how cause April 23 why they should not return the above mentioned stock certificates to the Clerk of the Court and to refrain from disposing or encumbering in any manner any or all of said stock certificates and securities until further order of the Court.

April 23, answer to the alternative writ was filed by the District Judge and the Clerk of the Court setting forth in part the above chronological course of events and—

" * * * At no time has any of the attorneys for the defendant (petitioner herein) made application for a stay of proceedings. There is no application on file in the cause except that the Judge advises upon reviewing the file for the purpose of this. return that the defendant, Zalia M. O'-Brien, has filed a request for the Court to fix the amount for a supersedeas bond. This request, however, was not brought to the attention of the Court and has not been urged by counsel.

"That it is not the custom of this Court to notify counsel at the time it enters judg-ment. It was not the intention of the Court to deprive the defendant nor did he deprive the defendant of any of *his* rights of appeal as set out above. No application for a stay of proceedings was ever made by the attorney for the defendant until *his* application in the Supreme Court."

\* \* \* \* \* \*

"That as a further and separate answer the undersigned allege that the defendant, Zalia M. O'Brien, has a plain, speedy, and adequate remedy at law in an appeal to the Supreme Court from the Decree of the District Court."

The answer of O'Brien and his attorneys sets forth in full the letter of January 29 as to the disposition of the property thus:

"In the above entitled case it is the opinion of the Court that the defendant is entitled to a decree of divorce from the plaintiff on the grounds of mental cruelty.

"The defendant shall receive as her separate property all furniture in the home at Hayden Lake.

"Each party shall have one car as their individual property.

"The home and all other personal property except the automobiles shall be divided equally between the plaintiff and the defendant.

"The plaintiff shall assume the following community debts:

Balance due on automobile    $ 520.00
Money borrowed from Jake
  Schroder                      520.00

Account with Pennaluna Company $2422.00

Account with R. E. Nelson Company 275.00

Balance due on J. Tom O'Brien note

"The plaintiff shall pay $1000.00 to apply on defendant's attorney's fee and also pay all costs of the action.

"The attorneys for both parties shall enter into an agreement within five days from this date as to the division of the property between the parties and advise the Court thereof.

·'Attorney for the defendant is requested to prepare findings and decree.

Respectfully submitted,
"OCW:hm        s/ O. C. Wilson
                      District Judge"

and further referring to the other events as above detailed and—

"That thereafter Judge O. C. Wilson directed Elder, Elder & Smith, attorneys for Jerry T. O'Brien, to make certain corrections and changes in the suggested Findings submitted to the Court by the attorney of Zalia M. O'Brien. That Elder, Elder & Smith made the changes in the Findings as directed by the Court and on March 24, 1951, returned the proposed Findings of Fact and Decree as corrected to the Court. That the Court thereafter on the 27th day of March, 1951, entered his Findings of Fact and Conclusions of Law and signed and entered the Decree, a copy of which is attached to petitioner's application. No

stay of proceedings was granted and defendant's attorneys did not request the attorneys for plaintiff to agree to a stay in the enforcement of the judgment. That thereafter Sidney E. Smith of the firm of Elder, Elder & Smith made demand upon the clerk of the court for certain stocks and bonds awarded to Jerry T. O'Brien under the Decree. That delivery of said stocks and bonds was completed about 3:00 o'clock in the afternoon on the 27th day of March, 1951.

"That thereafter and on the 29th day of March, 1951, Jerry T. O'Brien delivered said stocks and bonds to his broker with instructions that such stock be sold and directions to purchase or have issued stock certificates in the name of Zalia M. O'Brien as required under the Decree.

"That Jerry T. O'Brien has delivered to the clerk of the district court of the Eighth Judicial District of the State of Idaho, in and for the County of Kootenai, the following certificates evidencing title in Zalia M. O'Brien of the following shares of stock as required in said Decree: (Listed shares of stock in some 35 Corporations)

"That Jerry T. O'Brien has paid or tendered payment for the community debts as required by the judgment, the $1,000.00 payable to Zalia M. O'Brien, and his own attorney's ·fees, all of which debts have been paid from money received from sale of such stock.

"That on the 31st day of March, 1951, Elder, Elder & Smith were served with

Notice of Appeal in the O'Brien vs. O'-Brien case, which was four (4) days after the entry of judgment and two (2) days after the property had been sold by Jerry T. O'Brien, and was the first knowledge that Jerry T. O'Brien or his attorneys had that Zalia M. O'Brien was appealing from the Decree of the District Court."

That each and every allegation in petitioner's application is denied except as hereinbefore admitted; that petitioner has a plain and adequate remedy at law in an appeal to this Court; and that petitioner's application fails to state facts sufficient to warrant writs of prohibition or mandate being issued.

The first writ issued herein by this Court, by its terms, became inoperative upon the entry of the Findings of Fact and Decree.

The record is reasonably clear that as soon as counsel for petitioner was advised the Decree had been entered, steps were taken to institute and effect an appeal and a request was in some manner made of the learned trial Judge to fix a supersedeas bond, which was not done and has not been done. In the meantime and on March 29, the Decree having been signed on the 27th, the securities were disposed of by O'Brien as in compliance with the Decree.

Defendants now contend defendant O'-Brien should not be required to return these securities or put up their value; that this Court has no authority to issue these writs as in the nature of a stay of proceedings and hold the property in status quo;

that the husband under the statute has the control and management of the community property; and petitioner has an adequate remedy at law by supersedeas.

■ The District Court may, during the pendency of a divorce suit, make an order for the custody of the community property and upon the granting of a divorce may, of course, decree its distribution.

■ After the Decree was entered herein, the husband held the property—not by reason of his right thereto as husband in the marital community—but by the Decree, Benson v. District Court, 57 Idaho 85, 62 P.2d 108, 164 A.L.R. 323. Such a Decree does not become *final* until the appeal is heard and finally disposed of by the Supreme Court, Radermacher v. Daniels, 64 Idaho 376 at page 381, 133 P.2d 713; Section 32–714 I.C., and this Court has exercised its authority in the issuance of original writs to require that property be held in status quo. Gilbert v. Elder, 65 Idaho 383, 144 P.2d 194.

■ It is urged by defendant O'Brien there is no showing he would not be able to respond in kind or money if the Decree were modified upon appeal and more of the community property ultimately awarded petitioner. There is no showing in the record, however, that the parties had or possessed any sole and separate property in addition to the community property disposed of by the Court in the Decree rendered; consequently, if it should ultimately be determined the petitioner herein is en-

titled to more than awarded her, the immediate sale and disposition by O'Brien, following the entry of the Decree, of the property so delivered to him would at least render it more difficult for, and require further and additional proceedings on the part of, petitioner to secure the fruits of what ultimately might be determined to be her just dues, than if this property had been retained in the custody of the Court through the medium of the Clerk of the Court or otherwise.

We are, of course, aware that the value of stocks may fluctuate and it may have been, or might be, to the advantage of both petitioner and O'Brien that the stocks be disposed of. That is a matter which is not particularly touched upon by either party, but as a practical proposition, we recognize the trial Court would have authority to take that feature into consideration and order the stocks sold, perhaps to prevent loss to the parties. Nevertheless, the proceeds should, if necessary to give equal protection to both parties, be retained in the possession of the Court pending, as indicated in Radermacher v. Daniels, supra, the final disposition of the case upon appeal. There does not appear to be any cross-appeal by defendant O'Brien.

Defendants argue the Decree was self-executing and there was, therefore, no necessity for execution to issue thereon, or notice be given to petitioner, and thus justify the immediate disposition of the stocks, ordered and executed. Followed to the ultimate, this would mean a party against whom a decree is rendered in a divorce case must, the instant the decree is entered, apply for a supersedeas, stay of execution or other appropriate means to hold the property in status quo. Conceding there might be circumstances which would justify such holding, the record herein does not indicate there was any occasion for such precipitate action as was ordered or carried out herein.

While the Court's letter forecast the subsequent disposition of the property, the Findings, Conclusions and Decree could have been, with propriety and judicial decorum, called to appellant's attention upon the rendition of the Decree and prior to the execution of it, without injury to anyone.

The result of the course of events in this litigation resulted in petitioner, in the event she obtains a greater share upon appeal, being deprived of the security of the property delivered to defendant O'Brien and disposable by him.

Under the circumstances and in aid of our appellate jurisdiction, the alternative writs heretofore issued are made permanent to this effect: that defendant O'Brien be required to file with the Clerk of this Court, within twenty days after the judgment herein becomes final, a good and sufficient bond in the sum of $10,000 and to keep said bond good until the final disposition of this case upon appeal, conditioned as security for the payment of any additional award to the petitioner which may be ordered by this Court upon the final disposi-

476

tion of the appeal taken and pending in this case, not yet before this Court. Bedke v. Bedke, 56 Idaho 235, 53 P.2d 1175; McHan v. McHan, 59 Idaho 41, 80 P.2d 29; Beverly v. Guerin, 64 Cal.App. 775, 222 P. 834.

Since there is no cross-appeal, it is ordered that Petitioner, after five days' notice to defendant O'Brien of her intention so to do, may, without jeopardy to her rights, take possession and dispose of the stocks decreed her and now held by the Clerk of the trial Court. Wilson v. Coffey, 116 Cal.App. 635, 3 P.2d 62; Market St. Ry. Co. v. Railroad Comm., Cal., 171 P.2d 875; Shepherd v. Perea, 98 Cal.App.2d 837, 220 P.2d 777.

Costs awarded to petitioner.

PORTER, TAYLOR, and THOMAS, JJ., and GRAF, District Judge, concur.