275 P.2d 669

**Neal A. JORDAN, Plaintiff-Respondent,**

v.

**Jacqueline A. JORDAN, Defendant-Appellant.**

No. 8143.

Supreme Court of Idaho.

Oct. 21, 1954.

Isaac McDougall, Jr., Gee & Hargraves, Pocatello, for appellant.

Black, Black & Oliver, Pocatello, for respondent.

PORTER, Chief Justice.

Respondent brought this action to secure a decree of divorce from appellant on the ground of extreme cruelty. Respondent

also prayed in his complaint that the custody of the minor child of the parties, David A. Jordan, of the age of seven years, be determined and the community property equitably divided. Appellant filed her answer denying generally and specifically most of the allegations of the complaint and prayed that respondent's complaint be dismissed and the court make provision for the support and security of appellant and the minor child.

Trial of the cause was had before the court sitting without a jury. The court made findings of fact and conclusions of law favorable to respondent and entered judgment granting respondent a decree of divorce and awarding the custody of the minor child to appellant with reasonable provisions for visitation by respondent. The court also made division of the community property between the parties; and awarded appellant the sum of $100 per month for the support and maintenance of the child, and the sum of $175 per month for maintenance of appellant until appellant remarries or until further order of the court.

After the entry of judgment appellant made a motion to vacate and set aside the decree on the ground of alleged fraud in connection with the community property; and also filed a motion for additional attorneys' fees and suit monies. Respondent filed a motion for writ of assistance. The court overruled appellant's two motions and granted respondent's motion. Appellant has appealed from the judgment to this court. Appellant also has appealed from the order of the court denying appellant's motion to vacate and set aside the decree and appellant's motion for additional attorneys' fees and suit monies; and, apparently, has appealed from the separate order granting respondent's motion for writ of assistance.

Prior to the oral argument of this cause respondent filed a motion to dismiss the appeals from the above described orders on the ground that no undertaking for costs on appeals from said orders has been filed and no deposit of money therefor has been made with the clerk of the court, and the requirement for an undertaking therefor has not been waived. This motion to dismiss was heard prior to the presentation of the cause on its merits and is first before us for consideration.

The body of the Notice of Appeal reads as follows:

"You, And Each Of You Will Please Take Notice That the Defendant hereby appeals from that certain Judgment and Decree made and entered herein on the 17th day of February, 1954, in favor of the Plaintiff and against the Defendant, which said Judgment and Decree was made and entered by the Court sitting without a jury.

"Said defendant also appeals from the Order of the Court made and entered on the 17th day of March,

1954, denying Defendant's Motion to Vavate and Set Aside Decree, and denying Defendant's Motion for additional attorneys' fees and suit monies, and granting Plaintiff's Motion for a Writ of Assistance.

"This appeal is taken from the whole of said Judgment and Decree and Order, on questions of law and fact."

Appellant filed an undertaking for costs on appeal, the body of which is as follows:

"Whereas, the Appellant has appealed to the Supreme Court of the State of Idaho from a judgment entered in said action; and

"Whereas, the Appellant in said action is required to give an Undertaking on Appeal, not exceeding Three Hundred ($300.00) Dollars, as required by Section 11–203, Idaho Code Annotated 1932.

"Now, Therefore, in consideration of the premises the American Surety Company of New York, a corporation, duly authorized to do a surety business in the State of Idaho, does hereby undertake and promise to pay all damages and costs which may be awarded on the Appeal, or on a dismissal thereof, not exceeding the sum of Three hundred ($300.00) Dollars, towhich amount the said American Surety Company of New York acknowledges itself bound."

Section 13–202, I.C., provides in part as follows:

"* * * The appeal is ineffectual for any purpose unless prior to or at the time of filing the notice of appeal or within five (5) days thereafter, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

Section 13–203, I.C., reads as follows:

"The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal: provided, that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders, is taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made. If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon

the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed."

It is firmly established that the filing of the undertaking on appeal is jurisdictional and unless such undertaking is filed or waived the appeal must be dismissed. Marine Mart v. Kruger, Idaho, 272 P.2d 307; Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077.

Respondent contends that the undertaking filed in this action refers only to the appeal from the judgment and in no way refers to or covers the appeals from the orders made after judgment. He calls our attention to Spokane Cattle Loan Co. v. Crane Creek Sheep Co., 36 Idaho 786, 213 P. 699. In such case appellant filed notice of appeal from both the judgment and the order denying motion for new trial. An undertaking very similar to the one in the present action was filed. In passing upon the motion to dismiss the appeal from the order denying the motion for new trial, this court, at 36 Idaho at pages 787–788, 213 P. 700, said:

"The recital in the first paragraph of the undertaking specifically limits the obligation of the bond to the appeal from the judgment. The second paragraph mentions the 'appeal' in the singular, which, taken in connection with the recital in the first paragraph, can only be presumed to refer to the appeal from the judgment.

"This undertaking is wholly silent with reference to the appeal from the order denying a new trial. It is therefore not a case of a defective undertaking, the defect in which might be waived by failure of the respondent to object thereto under C.S., § 7154 [now 13–203, I.C.,], but it is a case of no undertaking at all, so far as the appeal from the order denying a new trial is concerned. The sureties cannot be made liable for anything not in the bond. McCoy v. Oldham, 1 Idaho 465.

" 'Where an appeal is taken from a judgment, and also from an order denying a motion for a new trial, and but one undertaking on appeal is filed, in which reference is made to the judgment only, the appeal from the order must be dismissed for want of an undertaking.' Stine Lumber & Shingle Co. v. Hemenway, 32 Idaho 153, 179 P. 505, citing McCoy v. Oldham, 1 Idaho 465; Sebree v. Smith, 2 Idaho 357, 16 P. 477; Young v. Tiner, 4

Idaho 269, 38 P. 697; Weiser River Fruit Ass'n v. Feltham, 31 Idaho 633, 175 P. 583; Pacific Paving Co. v. Bolton, 89 Cal. 154, 26 P. 650.

"Under these authorities the appeal from the order denying motion for a new trial should be dismissed, and it is so ordered."

The holding in the Spokane Cattle Loan Co. case was recognized in Geist v. Moore, 58 Idaho 149, 70 P.2d 403.

It is the contention of appellant that the undertaking filed is merely defective for uncertainty and that respondent, having failed to point out such defect or insufficiency by notice, must be held to have waived the same. Appellant cites Cupples v. Stanfield, 35 Idaho 466, 207 P. 326; Bain v. Olsen, 36 Idaho 130, 209 P. 721; T. W. & L. O. Naylor Co. v. Bowman, 36 Idaho 211, 209 P. 1071; Caldwell v. Village of Mountain Home, 49 Idaho 32, 285 P. 1020; Walker Bank & Trust Co. v. Steely, 54 Idaho 591, 34 P.2d 56; and Geist v. Moore, supra. However, in such of these cases as involved two appeals there was some reference in the undertaking to both the appeals or an uncertainty as to which appeal was covered.

See, also, Martin v. Wilson, 24 Idaho 353, 134 P. 532; Aumock v. Kilborn, 52 Idaho 438, 16 P.2d 975; Huggins v. Green Top Dairy Farms, 74 Idaho 266, 260 P.2d 407.

Appellant contends the undertaking was merely defective but she did not attempt to cure the defect by filing a good and sufficient undertaking under the provisions of Section 13-217, I.C., which reads as follows:

"If the appellant fails to furnish the requisite papers the appeal may be dismissed; but no appeal can be dismissed for insufficiency of the undertaking thereon if a good and sufficient undertaking, approved by a justice of the Supreme Court, be filed in the Supreme Court before the hearing upon motion to dismiss the appeal."

A similar omission is noted in Marine Mart v. Kruger, supra. In Martin v. Wilson, supra, and Huggins v. Green Top Dairy Farms, supra, it is noted that new undertakings were filed.

Under the statute where two appeals are taken the undertaking may be in one or may be in two instruments. Where the undertaking is insufficient or defective, such insufficiency or defect must be specifically pointed out by notice or it is waived. The undertaking filed herein is not insufficient or defective or void as an appeal bond on the appeal from the judgment. Neither is it uncertain as to the appeal for which it is given. It only purports to cover the appeal from the judgment and nowhere mentions the appeals from the orders made after judgment. There is an entire absence of an undertaking to cover such appeals. It follows that the appeals from the orders made after judgment must be dismissed.

Appellant has made 14 assignments of error and has set out 69 numbered paragraphs of points and authorities. It is obvious that we cannot discuss in detail each of the assignments of error and each of the propositions of law contained in the points and authorities. We will confine this opinion to a consideration of the principal questions raised by appellant on the appeal from the judgment.

Appellant contends the trial court erred in overruling appellant's general demurrer on the ground that the complaint on its face did not state facts sufficient to constitute grounds for divorce for extreme mental cruelty; and in overruling the special demurrer on the ground that the complaint is indefinite, uncertain, and unintelligible in that it alleges "that the things and matters aforesaid are merely illustrative and are not meant to be exclusive." The complaint alleges that defendant is guilty of extreme cruelty towards plaintiff committed in particulars without stating all matters as follows:

"* * * for the past several years defendant has carried on a course of conduct toward plaintiff of nagging at plaintiff, complaining and arguing with plaintiff over almost everything in their home life and business, and has complained and argued over money matters, plaintiff's personal conduct, has made false accusations against plaintiff in his conduct with others, and has embarrassed plaintiff in his business

relations with his clients and business associates, and has refused to do the ordinary things in the home, such as preparing meals, and has conducted herself in a cold, indifferent manner, without showing any affection whatever, kindness, regard, consideration or even respect for plaintiff, and has attempted to criticise and boss plaintiff about almost everything he has been doing in his work and at home, causing plaintiff grievous mental suffering, and entirely disrupting the home life of plaintiff and that of the minor child and plaintiff's business."

The complaint then sets out a long series of incidents covering some 12 pages illustrative of the conduct of defendant which plaintiff alleges caused him to suffer great mental pain and anguish and amounted to extreme cruelty. Counsel did not discuss these incidents and occurrences in detail and neither shall we. We are satisfied that they are sufficient to allege a course of conduct amounting to ground for divorce on the ground of extreme cruelty. The mere fact that the complaint states that the occurrences set out are not meant to be exclusive is not sufficient to make the complaint indefinite and uncertain.

Appellant contends the court erred in granting the divorce to respondent on the ground that the evidence failed to establish the extreme mental cruelty required in order for a divorce to be granted on such

ground. Section 32–605, I.C., reads as follows:

"Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

In De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 664, 669, in discussing the meaning of the term "extreme cruelty", this court said:

"Extreme cruelty is a term of relative meaning, and a course of conduct that would inflict grievous mental suffering upon one person might not have that effect upon another. Hence no fixed legal rule for determining its existence in any given case can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence is the one to whom the law commits the determination of this question in the first instance, and this court will not disturb a finding that particular acts constitute grievous mental suffering, unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. Whether the evidence in this case shows a course of conduct which constitutes grievous mental suffering is a question of fact, and such question must be determined from the facts, and should be considered in connection with the character,

temperament, and disposition of the parties to the action."

In Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94, 95, the court in addition to approving the discussion in the De Cloedt case, said further:

"The particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question under the statute. In the headnotes to the case of Mosher v. Mosher, 16 N.D. 269, 113 N.W. 99, 12 L.R.A.,N.S., 820, 125 Am.St.Rep. 654, it is said: 'A continuous course of fault-finding, threats, and other acts, intended to aggravate and annoy the other party to a marriage, though each act is trifling in itself, may cause such a degree of mental suffering as to constitute a ground for divorce on the charge of extreme cruelty.' "

We have repeatedly and consistently held that the findings of the trial court, if supported by substantial though conflicting evidence, are controlling on appeal. Our last statement of this rule in connection with an action for divorce appears in Howay v. Howay, 74 Idaho 492, 264 P.2d 691. Therein we said:

"Plaintiff brought this action for divorce on the grounds of extreme cruelty. The acts and conduct alleged and

testified to by the plaintiff were for the most part denied or minimized by the defendant in her testimony. Thus issues of fact were presented to be determined by the trial court, the trier of the facts. Under our rule, there being sufficient substantial and competent evidence to support its findings thereon, and the findings not being clearly against the weight of the evidence, the findings of the trial court are binding on this court and will not be disturbed.

"'The trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record.' Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063, 1064."

In the Howay case the trial court found "'continuous nagging, criticizing and badgering of the plaintiff by the defendant'" and the divorce was predicated on such finding.

■ It is not feasible to discuss all the evidence pro and con covering the various incidents alleged in the complaint. An examination shows the evidence sufficiently supports the findings of the court and the judgment of divorce.

■ Appellant urges that respondent failed to establish by corroborated evidence that he was a resident of the State of Idaho as allegedly required by Section 32–703, I.C., which reads as follows:

"A divorce may be granted upon the default of the defendant, upon the uncorroborated statement, admission or testimony of the plaintiff; but the court must required (require) corroboration of the residence requirements provided by law."

Appellant admitted in her answer the allegation of residence contained in the complaint. Respondent offered to prove corroboration of residence by a witness and appellant admitted that such witness would testify in corroboration of plaintiff's residence in Idaho. Furthermore, the whole record shows that respondent and appellant have lived and been in business in Idaho for many years and at least since 1936. We find no merit in appellant's contention.

■ Appellant urges the trial court erred in its division of the community property. Where a divorce is granted on the ground of extreme cruelty, Section 32–712, I.C., commits to the discretion of the trial judge primarily and in the first instance the division and disposition of the community property. Donaldson v. Donaldson, supra; Carter v. Carter, 39 Idaho 798, 230 P. 768; Smiley v. Smiley, 46 Idaho 588, 269 P. 589; O'Brien v. O'Brien, 71 Idaho 468, 233 P.2d 1030. However, we have recognized that under Section 32–714, I.C., the disposition made of the community property is subject to the paramount and superior discretion of the appellate court where the divorce was granted on the ground of extreme cruelty. O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d

785; Heslip v. Heslip, 74 Idaho 368, 262 P.2d 999.

The trial court in its findings of fact did not determine the value of community property granted to appellant and respondent. The evidence is not seriously conflicting as to the value of the items of community property except as to the residence of the parties which appellant valued at $17,000 and respondent valued at $35,000. It seems to us from the description of the property and the other evidence that $25,000 would be a fair estimate of its market value. It appears that appellant was awarded cash and property of the approximate value of $22,750. Respondent was awarded community property, including the residence property, of the approximate value of $41,512.90. He was required to pay the debts of the community in the sum of $14,620 and to pay cash to appellant in the sum of $5,000, leaving a net award to respondent of $21,892.90. Having in mind that Section 32–712, I.C., contemplates that when a divorce is granted on the ground of extreme cruelty the prevailing party may properly be given more than one-half of the community property, O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d 785, it appears that the division of the community property by the trial judge was fair and equitable, and should not be disturbed by this court.

We have examined the questions raised by the other assignments of error but do not find any of them of sufficient merit to require discussion.

The judgment of the trial court is affirmed. No costs allowed.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.