[S. F. No. 2495.   Department One.—June 24, 1903.]

## MARY McKIBBIN, Respondent, *v.* JAMES McKIBBIN, Appellant.

DIVORCE—SOLEMNIZATION OF MARRIAGE—PRIOR MARRIAGE—PRESUMP-
TIONS—BIGAMY.—In an action for divorce, proof of solemnization
of marriage between the parties, aided by the presumption that the
solemnization was regular, is sufficient to overcome any presump-
tion of bigamy from mere evidence that the plaintiff had been
previously married to another husband, who was still living at the
time of the marriage to the defendant.

ID.—BURDEN OF PROOF—ILLEGALITY OF MARRIAGE.—In such case, the
burden of proof was upon the defendant to show clearly the ille-
gality of the marriage solemnized between them, by proof that
there had been no divorce of the plaintiff from the former hus-
band at that time.

ID.—PRIOR JUDGMENT OF DIVORCE—EVIDENCE—SERVICE OF ALIAS SUM-
MONS—PRESUMPTION—EXCLUSION OF AFFIDAVIT FOR PUBLICATION.
—Where the judgment-roll in a prior action of divorce brought by
the former husband against the plaintiff offered in evidence, showed
personal service of an *alias* summons upon her, it must be pre-
sumed that the court in rendering judgment of divorce against her
had evidence of such personal service before it; and it is immate-
rial that the court excluded an affidavit for the publication of the
original summons, upon objection of plaintiff.

ID.—EXTREME CRUELTY—FINDINGS—SPECIFIC ACTS—SUFFICIENCY OF
EVIDENCE.—Where there is a finding that the defendant has been
guilty of extreme cruelty toward the plaintiff, and has inflicted
upon her grievous bodily injury and grievous mental suffering,
which is sustained by sufficient proof of opprobrious epithets and
vile names heaped upon her by him, as well as distinct acts of
physical injuries inflicted upon her, it is not a ground of reversal
that every specific act of cruelty found is not sufficiently supported
by evidence.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.   W. R. Daingerfield, Judge.

The facts are stated in the opinion.

Maguire & Gallagher, for Appellant.

It appearing that plaintiff had been previously married, and
that her former husband was still living at the time of her al-

leged marriage to appellant, that alleged marriage was *prima facie* void. (Schouler on Domestic Relations, sec. 21; 1 Bishop on Marriage and Divorce, secs. 202, 717, 721, 729; *Roszel* v. *Roszel,* 73 Mich. 133;[1] *Orchardson* v. *Cofield,* 171 Ill. 14;[2] *Voorhees* v. *Voorhees,* 46 N. J. Eq. 411;[3] *Cartwright* v. *McGown,* 121 Ill. 388.[4]) The court erred in excluding the affidavit of publication in the suit of Hiram P. Lake and Mary Lake, to show that the publication of summons was void. The evidence is insufficient to show extreme cruelty. That grievous mental suffering resulted from the alleged cruelty must be shown by evidence, like any other fact. (*Haley* v. *Haley,* 67 Cal. 24; *Waldron* v. *Waldron,* 85 Cal. 251; *Powelson* v. *Powelson,* 22 Cal. 358; *Barnes* v. *Barnes,* 95 Cal. 171; *Fleming* v. *Fleming,* 95 Cal. 434.[5]) If the divorce be sought on account of physical violence amounting to extreme cruelty, it must appear from the evidence that the violence complained of resulted in grievous bodily injury (Civ. Code, sec. 94); and if the divorce be sought on the ground of reasonable apprehension of grievous bodily injury, resulting from threats and acts of the party accused, the fear must be real and the ground of apprehension must be reasonable. (*Morris* v. *Morris,* 14 Cal. 79;[6] *Powelson* v. *Powelson,* 22 Cal. 360.)

William M. Abbott, for Respondent, filed no brief.

CHIPMAN, C.—Plaintiff brings the action for divorce on the ground of extreme cruelty, and had the judgment, from which and from the order denying his motion for a new trial defendant appeals. There is no brief on file for respondent.

1. At the close of plaintiff's evidence, defendant moved for a nonsuit, which being denied, he now urges the ruling as error.

It appeared from plaintiff's testimony that, prior to her marriage with defendant, she had been lawfully married to one Hiram P. Lake, and that at the time of her marriage to defendant Lake was still living. It is urged that plaintiff was bound to show a dissolution of the Lake marriage in order to comply with the rule that the burden of proof was on her

[1] 16 Am. St. Rep. 569.     [4] 2 Am. St. Rep. 105.
[2] 63 Am St. Rep. 211.     [5] 29 Am. St. Rep. 124.
[3] 19 Am St. Rep. 404.     [6] 73 Am Dec. 615, and note.
     CXXXIX. Cal.—29

to establish the marriage with defendant, failing in which the marriage with defendant must be held, *prima facie,* void.

In ruling on the motion, the learned trial judge said: ''She testifies to a solemnization of the second marriage. Isn't she entitled to rely upon the presumption that the minister performed a licensed act and that the county clerk performed his duty?''

''*Mr. Maguire* (counsel for defendant).—Not as against proof that she was previously married to another man then living.

''*The Court.*—I am inclined to take the view that proof of solemnization, aided by the presumption that the solemnization was regular, would overcome the presumption of bigamy, that would result if she had two husbands.''

We quite agree with this view of the question. Appellant relies on several cases cited in his brief, and especially on *Cartwright* v. *McGown,* 121 Ill. 388.[1] In speaking of the marriage of one Lewis to one Zerelday Cacey, in support of which the presumption of its validity was urged, the court said: ''The presumption of the capacity of Lewis to enter into the marriage with Zerelday Cacey, December 8, 1843, is overcome by proof of his prior marriage in Kentucky, and that his wife by that marriage was still living *and undivorced at that time.* This proof establishes the fact that the second marriage in 1843 was a nullity, conferring no marital rights whatever.'' In the case now here the proof did not go so far, but failed to show the essential fact that plaintiff and Lake had not been divorced. Mr. Bishop says: ''Every intendment of the law leans to matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of proof, the law raises a strong presumption of its legality—not only casting the burden of proof on the party objecting (1 Bishop on Marriage and Divorce, secs. 946-948), but requiring him throughout, in every particular, to make plain, against the constant pressure of this presumption, the truth of law and fact that it is illegal and void.'' (1 Bishop on Marriage and Divorce, sec. 956; *Sacramento Coal Run Co.* v. *Jones,* 129 Ill. 379.) Besides, there was evidence from which it could be inferred that there had been a divorce between Lake and the plaintiff.

---

[1] 2 Am. St. Rep. 105.

2. Appellant attacks the findings as not supported by the evidence. The court found that defendant "has been guilty of extreme cruelty upon and toward said plaintiff; that he has inflicted upon said plaintiff grievous bodily injury and grievous mental suffering; . . . and has so treated her as to render further cohabitation dangerous . . . to her physical safety and to create a reasonable apprehension of bodily harm, and all of this without reasonable or any cause or justification therefor. The court further finds:" (Then follow several specific findings of specific acts of cruelty.) And it is against some of these the attack is made. I do not understand the rule to be, that each of the specific facts found must be supported by evidence. If there are findings which support the judgment, and these findings are fully supported by evidence, it is sufficient. The evidence is amply sufficient to justify some of these specific acts of cruelty found to have been committed by defendant toward plaintiff. Opprobrious epithets applied to his wife by defendant, vile names heaped upon her by him, as well as distinct acts of physical injuries inflicted upon her, were shown by the evidence and justified the findings and judgment. Defendant is mistaken in his claim that the only parts of the findings that have any evidence to support them rest upon the uncorroborated evidence of plaintiff. She is corroborated in essential particulars by at least one witness who resided for some months in the house with the parties.

3. As part of defendant's case, he introduced certain documents purporting to be the judgment-roll in the case entitled Hiram P. Lake *v.* Mary Lake, brought in Santa Cruz County in the year 1881, about four years before the marriage of the present parties. Plaintiff objected to an affidavit made by Hiram P. Lake, plaintiff in the action above referred to, for the purpose of obtaining service on defendant, Mary Lake, by publication of summons. It is not necessary to pass upon the correctness of the ruling of the court in excluding the affidavit. It appeared by the judgment-roll that summons was published in May and June, 1881, but that an *alias* summons was issued in July following, and bears the indorsement, signed by Mary Lake, admitting service of summons, with a copy of the complaint attached, on July 9, 1881, and the judgment, dated July 23, 1881, recites "that said defendant

[Mary Lake] was duly served with process herein." If it be conceded that the court erred in refusing to admit Lake's affidavit in evidence, and that the affidavit was insufficient to warrant an order for publication of summons, the ruling was harmless; for it appeared that the defendant in that action was afterwards personally served with summons, and we must presume that the court had the evidence of such service before it when the judgment was entered.

The judgment and order should be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.