245 P.2d 785

O'BRIEN v. O'BRIEN.

No. 7773.

Supreme Court of Idaho.
June 18, 1952.

Wm. S. Hawkins and E. L. Miller, Coeur d'Alene, and H. J. Hull & Sons, Wallace, for appellant.

Elder, Elder & Smith, Coeur d'Alene, for respondent.

GIVENS, Chief Justice.

Appellant, aged 35, and respondent, 24, were married June 3, 1933. The parties have no children. At that time appellant owned a large residence, fully and elaborately furnished, on a ten-acre tract at Veradale, near Spokane, estimated to be worth as high as $60,000, together with saddle horses, farm machinery, equipment, paraphernalia, truck, and automobile. Respondent then owned no appreciable amount of property.

At various times prior thereto, appellant had operated a stenographic service and worked in a stock broker's office. After the marriage, appellant and respondent worked in a brokerage office and about 1935 the parties opened a brokerage business of their own in Spokane with $6,000 borrowed on the Veradale home and $6,000 apparently advanced by respondent's father. The Veradale house subsequently was sold for $13,000, which paid off the $6,000 mortgage thereon. Another house was purchased and resold at a profit of $1,500, which together with $2,500 from the sale of the first house and other borrowed money, was used to purchase the Pennaluna Brokerage Company in Wallace about January, 1943.

Thereafter, both parties worked in that brokerage office and respondent also worked as a millwright at one of the nearby mines until 1944, then devoted his full time to the brokerage business.

The trial court found as of the time of the divorce trial in November, 1950, the parties were possessed of stocks, bonds, and securities stipulated to be worth $46,781.70 January 19, 1951, subject to market fluctu-

ations; the balance due on the sale of the Pennaluna business, $2,500; two 1949 Chevrolet automobiles, $3,200; the Idora mine lease, $4,221; cash on deposit with the Court, $9,158.36; three life insurance policies on respondent; that respondent had in his possession community funds $838.56; and appellant, $1,000; and a house fully furnished at Hayden Lake, situated on land belonging to the Coeur d'Alene Country Club, under Certificate No. 345 thereof, the house without the furniture variously estimated by respondent to be worth from $28,000 to $38,000; and by appellant at between $17,000 and $22,000. The furniture was estimated to be worth $7,000; some of the furniture was moved from the Veradale house to the Hayden Lake house and some was sold and replaced by other furniture.

During 1948 or 1949, marital discord developed and increased and for a time they lived apart. July 14, 1950, respondent sued for divorce on the grounds of cruelty. Appellant denied his accusations and cross-complained for divorce on the ground of cruelty. Judgment and decree were entered March 27, 1951, denying a divorce to respondent and awarding appellant a divorce on the ground of cruelty; ordered the house at Hayden Lake and membership in the Club sold and the money divided equally between appellant and respondent; that the furniture in the house be awarded to appellant; ordered respondent to pay the community debts amounting to $5,787;

that respondent pay appellant $1,000 for attorneys' fees; that cash on hand amounting to $9,158.36 in the custody of the Court be divided equally; that shares of stocks and bonds, the interest in the mining lease, and balance due on the sale of the Pennaluna business be divided equally. This division apparently did not take into account a $2,000 check given respondent by appellant, his bank account of $1,600 and sale by him of Westinghouse Air Brake stock for $2,604.

Appellant's appeal urges this disposition of the property was unfair, particularly because prior to the marriage she owned the house and grounds at Veradale, into which she had put some $10,000 of her earnings, which was sacrificed and the proceeds thereof directly and indirectly went into their joint business ventures and now she has, in effect, only half a home. The court expressly found it was impossible to definitively trace the funds contributed by appellant, but the evidence is clearly to the effect that her money and at least in substantial, if not equal, measure, her efforts and abilities established and successfully carried on the brokerage business in Wallace, resulting in accumulating the considerable sums and property above noted.

■ It is argued by respondent that before this Court will modify the disposition made by the trial court of the community funds in connection with granting a divorce for cruelty, it must be shown there was an abuse of discretion. In Falk v. Falk, 48

Cal.App.2d 762, 120 P.2d 714, and Nelson v. Nelson, 100 Cal.App.2d 348, 223 P.2d 636, the Court had under consideration similar contentions and recognized that under Sections 146 and 148, California Civil Code, which are practically identical with Sections 32-712 and 32-714, Idaho Code, appellate courts have discretion in dividing community property paramount and superior to the trial court's discretion where the divorce was granted for extreme cruelty or adultery, and that the statute contemplates that more than half may properly be given to the non-offending spouse.

█ At the time of the trial respondent was 41 and appellant, 52. Kolbe v. Kolbe, 50 Wash. 298, 97 P. 236. Appellant has equities herein based on her active participation in the brokerage business conducted by the parties, in addition to her rights as a spouse in the community property. Anderson v. Anderson, 380 Ill. 435, 44 N.E.2d 54; Hughes v. Hughes, 177 Okl. 614, 61 P.2d 556. We are mindful that either spouse, though not actively participating in a business in which either spouse may be engaged, may be of great material and financial assistance; nevertheless, where both spouses actively engage in the business there is at least more active, direct participation.

Since appellant does not seek to have the divorce set aside, it is unnecessary to consider the grounds which were urged by appellant and the court found constituted cruelty, justifying the divorce, except to note that respondent's indifference to appellant and his association with another woman, though not illicit, caused appellant such emotional stress and strain that she contemplated suicide for a time and attempted it at least twice, once with such approach to accomplishment as to put her in a hospital.

█ Considering all the circumstances hereinabove mentioned, about which there is no material dispute, and under the authority given us by Section 32-714, I.C., we are constrained to and justified in concluding the decree should be modified and that the house at Hayden Lake, together with all the furniture therein, and the membership in the Club, should be awarded to appellant as her sole and separate property; also that she receive half the proceeds of the sale of the Westinghouse Air Brake stock, $1,302; and $1,000, or half of the $2,000-check given respondent by appellant shortly before the divorce proceedings. Kolbe v. Kolbe, supra; Quagelli v. Quagelli, 99 Cal.App. 172, 277 P. 1089; Tipton v. Tipton, 209 Cal. 443, 288 P. 65; Falk v. Falk, supra; Nelson v. Nelson, supra.

"* * * Indeed, it has been expressly held, as a uniform rule, that 'when the decree is on the ground of extreme cruelty the award to the unoffending spouse must be substantially greater than that to the one who is at fault.'" Shapiro v. Shapiro, 127 Cal.App. 20, 14 P.2d 1058 at page 1061;

68

Pinion v. Pinion, 92 Utah 255, 67 P.2d 265.

Otherwise, the decree as to the disposition of the property is affirmed.

■  Appellant's assignment of error with regard to objection made to the testimony of Dr. Barclay need not be considered because, while the objection should not have been sustained, no prejudicial error resulted, because it appears that Dr. Barclay later testified as to what respondent told him and no offer of proof suggests that additional information was sought which was not testified to by the witness.

Costs awarded to appellant.

PORTER, TAYLOR, and THOMAS, JJ., and SUTTON, District Judge, concur.