296 P.2d 1028

Sheldon EMPEY, Plaintiff-Respondent,

v.

Fern EMPEY, Defendant-Appellant.

No. 8410.

Supreme Court of Idaho.

May 4, 1956.

---

Alvin Denman, Idaho Falls, for appellant.

John M. Sharp, Idaho Falls, for respondent.

SMITH, Justice.

Respondent brought this divorce action, but appellant, on her cross-complaint charging extreme cruelty, obtained the divorce by judgment entered September 16, 1955. Appellant has appealed from the judgment.

Respondent and appellant married November 15, 1944. They have two boys and a girl aged respectively, nine, eight and seven years, as of the time of entry of the judgment. The trial court awarded the custody of the children to their mother, appellant, with reasonable rights of visitation accorded respondent.

Respondent's earnings approximated for the year 1952 $3,814, for the year 1953 $4,-328, and for the year 1954 $3,731.

The parties had contracted the purchase of real property, occupied as their home; their equity therein amounted to $2,000, and the balance of the purchase price owing thereon amounted to $4,338; the contract of purchase requires payments of $55 per

month, and additionally, payments of $5 a month to the account of taxes, assessments and insurance.

The parties had acquired meager household furniture and furnishings of the value of $225. The parties also owned an equity in a 1951 Oldsmobile automobile of $500, a two-wheel trailer of the value of $75, and guns and automobile tools of the value of $150. There is a contract balance and a repair bill owing on the automobile, and the parties owed certain indebtedness for medical and household expenses; respondent does not dispute his liability for payment of such indebtedness.

The trial court ordered respondent to make all payments on the unpaid balance owing on the home realty as the same become due. The court then made disposition of the realty and the equity therein, and made certain other provisions relating thereto, in language as follows:

"The defendant is entitled to live in the house located on said property, rent free, until Claudia Empy becomes eighteen years of age, or until she becomes emancipated, but if and when the defendant remarries, and if and when said husband lives in said home, in such event the defendant shall pay the plaintiff $25.00 a month during the time such husband lives in such home toward the unpaid balance thereon; and in the event of the sale of said property, all moneys paid in after the date of this de-

cree by the respective parties shall be taken first from the proceeds of such sale, and the persons who made such payments reimbursed for the amounts paid by them, and the balance realized from such sale, if any, shall be divided one-half to the plaintiff and one-half to the defendant."

Appellant's assignments of error present for review the matter of the trial court's disposition of the community property of the parties.

■ Where a divorce is granted on grounds of extreme cruelty, the disposition of the community property is committed to the discretion of the trial judge in the first instance; Smiley v. Smiley, 46 Idaho 588, 269 P. 589, subject however, to the paramount and superior discretion of the appellate court, and more than one-half may be awarded non-offending spouse; I.C. § 32-714; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669.

■ The welfare and best interest of the minor children are of paramount consideration. Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; I.C. § 32-705.

■ The above quoted portion of the decree of the trial court should be set aside. The decree should provide that appellant have, and be given and granted as her sole and separate property the home realty, and that respondent be required and ordered to

pay the balance of the purchase price thereof prior to default in accordance with any existing contract, the same to be regarded as and to the account of respondent's support of appellant and the minor children and each of them.

Appellant by her assignment of error preserves for review the amount of child support, asserting inadequacy thereof.

■ The trial court decreed "the sum of $28.00 for the maintenance and education of each of said children, and in the event of sickness of any of said children requiring hospitalization, the plaintiff [respondent] shall also pay the hospital and doctor bills incurred by such sickness." The amount awarded for the account of each child per month, though small, approaches respondent's ability to pay in the light of his present financial circumstances. Additional provision, however, should be made to safeguard expenses of sickness of the children, particularly of Bruce Ernest, the second child, since he does not enjoy the same degree of health as do the other two, and all of the children may require the services of a physician and surgeon as well as hospitalization. The judgment should additionally provide that in the event of sickness of any of said children requiring either the services of a physician and surgeon, or hospitalization, respondent shall also pay the medical and hospital expenses and services thereby incurred.

■ Appellant assigns error of the trial court in denying alimony to her.

The trial court concluded "that respondent shall make all payments on the unpaid balance on said real property as the same become due and pay all taxes and assessments that may be levied against said property as the same become due, this arrangement to be part payment of support money for the defendant [appellant] and said minor children," and the court by its judgment required that respondent make such payments. Alimony is included in said payments since of necessity they must be made in order to safeguard the home realty for the use and occupancy by appellant as well as for the better support and maintenance of the children. Respondent's financial circumstances will not warrant a present increase in the amount to be paid to the account of further support of appellant.

We find no merit in appellant's remaining assignments of error.

The judgment of the trial court is modified in the particulars as herein set forth, and the cause remanded with instructions to the trial court so to modify the same. The judgment in all other respects is affirmed. Costs to appellant.

TAYLOR, C. J., KEETON and ANDERSON, JJ., and BAKER, District Judge, concur.