303 P.2d 905

Irene LINTON, Plaintiff-Appellant,

v.

Donald LINTON; Patton & Linton, Inc., a corporation; Blackfoot Ready Mix Concrete Co., and Idaho Bank & Trust Company, a corporation, Defendants-Respondents.

No. 8379.

Supreme Court of Idaho.

Nov. 15, 1956.

Anderson & Anderson, Pocatello, for appellant.

356

Black, Black & Oliver, Zener & Peterson, Pocatello, for respondents.

KEETON, Justice.

Subsequent to releasing the opinion filed May 2, 1956, a rehearing was granted, additional briefs filed and oral argument heard. The original opinion is withdrawn and this opinion substituted in lieu thereof.

Irene Linton, appellant, was granted a divorce from Donald Linton, respondent, on the ground of physical and mental cruelty suffered by acts of respondent. By the decree a division of the community property was made and a child, the issue of the marriage, William Linton, sixteen years of age, awarded to her custody. The community assets of the parties consist of an equity in their home of the value of $10,000 and personal property of the value of $1,050; 120 shares of stock in the Blackfoot Ready Mix Concrete Company of the book value of $12,453.32; 92 shares of stock in Patton & Linton, Inc., of the book value of $75,960.72. The home is encumbered by a mortgage on which there was, at the time of the trial, a balance unpaid of $8,700, payable in installments of $87 per month. Prior to the granting of the divorce a trust fund was established by agreement of appellant and respondent Donald Linton from the community assets of the value of $13,366.98, for the support and education of the son. The balance of the community assets was, by decree of the court, divided equally between the parties. Appellant was awarded the equity in the home and personal property of a combined value

of $11,050. The balance of the corporate stock after a part had been by agreement of the parties placed in a trust fund for the son was divided between the parties as follows: 33.26 shares of Patton & Linton, Inc., to the appellant (wife) and 44.74 shares to the husband; 45.2 shares of the Blackfoot Ready Mix Concrete Company to the appellant and 60.8 shares to the respondent (husband). The court deducted from the wife's share of the corporate stock the $11,050 awarded her in other community assets.

From the decree entered appellant appealed.

In assignments of error appellant contends that the division of the community property was neither equal nor equitable; that the injured party, appellant, is entitled to a greater portion of the property than was awarded to her by the trial court; that the court did not consider, in making the division, the true value of the property so divided, or the condition of the parties, and by the division required appellant to contribute half of the established trust fund to support of the son. In argument appellant states the only point involved in the appeal is with regard to the division of the community property.

Respondent is the manager and an officer of Patton & Linton, Inc. He testified that he received a salary from it of $700 a month less $111 withholding tax; that during the year 1954, additionally, he received a bonus of $10,000. His income tax return for the year 1954 shows an adjusted gross income of the community of $18,436.25.

The evidence also discloses without dispute that for the year 1954 and up to the time of the trial, September 27, 1955, respondent had received from Patton & Linton, Inc., in excess of $30,000 in salary and bonuses. He accounted for this sum by showing expenditures of approximately $11,000. When asked "What did you do with the rest of the money?" he answered "I spent it", and "I spent it as I went along". He made no further accounting except that he had taken a thirty-day vacation. Approximately $20,000 which had been received by him over a period of twenty-one months was not further accounted for.

Evidence further discloses that respondent had for a number of years received a substantial income from the corporations in which he is a stockholder and from other sources.

Appellant has no earning capacity whatsoever, and is afflicted with arthritis disabling her for remunerative employment and necessitating medical expense.

The corporation stock awarded appellant may or may not produce an income for her. In the past profits have been divided in the nature of bonuses between the control-

358

ling stockholders. The stock is not listed on any market and the value as determined by the court was made on the value of the physical assets of the corporations. There was no other evidence offered as to value.

■ While the respondent is by the provisions of Sec. 32–912, I.C. given the management and control of the community property, he receives it in the nature of a trustee for the community. Kohny v. Dunbar, 21 Idaho 258, 121 P. 544, 39 L.R.A., N.S., 1107, Ann.Cas.1913D, 492; Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976.

■ The duty of the husband to support the wife and the minor children the issue of the marriage is a continuing one, and has in Idaho been accorded the dignity of a statutory obligation. While the husband and wife contract toward each other obligations of mutual respect, fidelity and support, Sec. 32–901, I. C., the primary duty rests on the husband, when able, by reason of the marital contract and operation of law to furnish the wife with the necessaries of life. Edminston v. Smith, 13 Idaho 645, 92 P. 942, 14 L.R.A.,N.S., 871; Hall v. Johns, 17 Idaho 224, 105 P. 71; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d 1159; Heslip v. Heslip, 74 Idaho 368, 262 P.2d 999.

Payment of the balance due on the mortgage on the home is also a primary obligation of respondent. No provision was made in the decree for its payment and the equity in the home could be lost, or partially lost, by failure to meet the balance of the obligation as the payments accrue.

■ When a marriage is dissolved by decree on the grounds of adultery or extreme cruelty, the trial court has jurisdiction to assign the community property to the respective parties in such proportions as the trial court or the condition of the parties deems just. Sec. 32–712, I.C. The decree in such cases is subject to revision on appeal in all particulars including those which are stated to be in the discretion of the court. Sec. 32–714, I.C.; Heslip v. Heslip, supra; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669.

There was certain personal property in the home consisting of dishes, ornaments and other personal property that was not awarded to either party. The same should be awarded to appellant.

■ In the situation before us respondent has a large earning capacity, the wife none, and if the decree as made by the trial court were allowed to stand, there is no assurance that she would have any constant income whatsoever, and she might in a comparatively short space of time become an object of charity. The divorce in this case was granted due to the fault of the husband and under the circumstances

above outlined, we consider the distribution of the community property made by the trial court inequitable and the decree will be revised and modified in the following particulars:

To more equitably divide the community property the court will make an additional award to appellant requiring respondent to assume and pay any balance due or becoming due on the mortgage subsequent to September 30, 1956, and to pay all future taxes, insurance and assessments against the home, if any, as the same become due, until such time as the mortgage against the home has been paid in full. Any sums paid on the mortgage by appellant subsequent to September 30, 1956, will be forthwith repaid to her by respondent.

Appellant further argues that she was required to contribute half of the established trust fund to the support of the son. The agreement was by her voluntarily entered into after the separation and prior to the granting of the divorce and she cannot now be heard to complain.

The trial court will make the modifications as indicated in this opinion and as so modified the decree is affirmed. Costs to appellant.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.