340 P.2d 441

**Roland M. FARMER, Plaintiff-Respondent,**

**v.**

**Bertha G. FARMER, Defendant-Appellant.**

No. 8680.

Supreme Court of Idaho.

June 8, 1959.

L. F. Racine, Jr., and Carl C. Christensen, Pocatello, for appellant.

Anderson & Anderson, Pocatello, for respondent.

PORTER, Chief Justice.

The parties to this action were first married on December 12, 1924. They were divorced on July 12, 1941, and their community property divided. Thereafter, they remarried on August 9, 1942. Respondent filed this suit for divorce on February 23, 1954. Appellant filed a cross-complaint, including two counts, one for separate maintenance and one for divorce. No minor children are involved in the action.

Trial of the case started on February 2, 1955. Appellant elected to stand on her cross-complaint for divorce. A number of sessions were held and the case finally was concluded on August 2, 1956. Findings of fact, conclusions of law and judgment were filed December 12, 1957. From such judgment, appellant has taken this appeal.

By its judgment, the trial court granted a divorce to each party from the other; determined their community property and the separate property of each party; awarded the community property equally to the parties as tenants in common; left the community property in the hands of respondent as manager for a period of six months; and provided that if the parties had not divided the property within that time, the same would be sold and the proceeds divided equally between the parties.

The parties have agreed that the judgment may be amended to provide for the award to appellant of the community furniture used by appellant in her apartment and such modification is approved by this court.

The parties have agreed that the judgment may be modified by eliminating therefrom the provisions for liens by each party against the separate property of the other or the community property. Such modification is approved by this court.

The parties have also agreed that the findings of the trial court that each party was cruel to the other, equalled and were intended to amount to findings of extreme cruelty on the part of each.

Neither appellant nor respondent seek to have the judgment of divorce reversed. They have in effect waived the defense of

recrimination. Howay v. Howay, 74 Idaho 492, 264 P.2d 691.

Appellant does not challenge the findings of the trial court as to the separate property of each party and as to their community property, but does challenge the award of the community property to the parties equally as tenants in common and the provision in the decree for the division of the community property or the proceeds thereof equally between the parties. It is the position of appellant that under the provisions of § 32–712, I.C., she is eligible to be awarded more than a one-half interest in the community property. The material part of such section reads as follows:

"In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property and the homestead must be assigned as follows:

"1. If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just.

"2. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property must be equally divided between the parties."

Appellant contends that under the provisions of the above section and the facts in this case as to the respondent's conduct toward appellant and her financial needs and her earning capacity, the trial court should have granted her more than a one-half share of the community property. See O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d 785; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Linton v. Linton, 78 Idaho 355, 303 P.2d 905.

Appellant next contends that the trial court having failed to grant her a greater percentage of the community property than one-half thereof, this court may exercise a paramount and superior discretion and under the facts, award more than one-half of the community property to appellant.

Section 32–714, I.C., reads as follows:

"The disposition of the community property, and of the homestead, as above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

Under this section, this court has laid down the rule in Empey v. Empey, 78 Idaho 25, at page 26, 296 P.2d 1028, at page 1030, as follows:

"Where a divorce is granted on grounds of extreme cruelty, the dispo-

sition of the community property is committed to the discretion of the trial judge in the first instance; Smiley v. Smiley, 46 Idaho 588, 269 P. 589, subject however, to the paramount and superior discretion of the appellate court, and more than one-half may be awarded non-offending spouse; I.C. § 32–714; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669."

We are in accord with the contention of appellant that this court in this case may examine the conduct of the parties toward each other, the extent of the needs of appellant and her earning capacity, if any, and the extent and amount of the community property as shown by the evidence and therefrom determine whether more than one-half of the community property or the proceeds thereof should be awarded to appellant.

During their marriage the parties accumulated considerable community property. The principal part of such community property consists of certain apartment houses which appellant has estimated are worth $150,000 and respondent has estimated to be worth $80,000. The court made no finding as to the actual value of the apartment houses. They are subject to a mortgage on which there is an unpaid balance of approximately $40,000 and to a judgment lien in the sum of $9,000. The total community indebtedness is approximately $59,600. Also each of the parties is the owner of certain separate property as found by the court.

The evidence in this case is extensive and exhaustive as to the conduct of the parties toward each other; as to their separate and community property; as to their earning capacity; and as to the needs of appellant. The case was before the trial court upon several hearings for more than one and one-half years and judgment was not filed for more than one year thereafter. The trial court had extended an ample opportunity to examine and weigh the evidence and did so as shown by its memorandum decision. Its findings as to the facts in the case are amply supported by the evidence.

It is not practicable to set out herein all the evidence as to the conduct of the parties toward each other or as to the earning capacity and financial condition of appellant or as to her requirements and needs. However, our examination of such evidence causes us to conclude that the trial judge was correct in dividing the community property equally between the parties. The appellant is not a non-offending spouse but is equally blameworthy with respondent and the principle of granting a non-offending spouse more than one-half of

the community property as a penalty against the other spouse has no application here.

 We likewise hold that under the evidence the trial court was correct in his refusal to grant permanent alimony to appellant.

 The provisions in the judgment that respondent have possession and management of the community property for a period of six months and that if the community property be not divided within such time the same be sold and the proceeds divided equally, is eliminated from such judgment and in place thereof, the judgment is modified to provide that the court forthwith appoint a receiver to take possession and charge of such community property, that respondent account for his management of such property to such receiver, and that the receiver proceed forthwith to sell such community property under the direction of the court and to divide the net proceeds after payment of community debts equally between the parties.

The judgment of the trial court is modified in the respects herein set out, and as so modified, is affirmed.

TAYLOR, SMITH and KNUDSON. JJ., and MARTIN, D. J., concur.

McQUADE, J., not participating.