363 P.2d 1020

John Irving JOLLEY, Plaintiff-Cross-defendant-Respondent,

v.

Sara Alyce Wester JOLLEY, Defendant-Cross-plaintiff-Appellant.

No. 8955.

Supreme Court of Idaho.

July 26, 1961.

Felton & Bielenberg, Philip Peterson, Moscow, for appellant.

Clements & Clements, Paul W. Hyatt, Lewiston, for respondent.

TAYLOR, Chief Justice.

The parties were married in November, 1935. No children were born of the marriage. Plaintiff (respondent) moved from the home of the parties in July, 1957, and commenced this action in 1958 for divorce on the ground of extreme cruelty. Defendant (appellant) denied the allegations of cruelty and by cross-complaint sought divorce, also upon the ground of extreme cruelty. The record made upon the trial of the issues is voluminous and details the conduct of the parties toward each other during the entire period of the marriage relationship.

The trial court made and entered findings, conclusions, and granted divorce to plaintiff.

The parties owned no real property. The court approved a division made by the parties of certain household goods, furniture, fixtures, appliances and personal belongings, and awarded certain community property and separate property to the respective parties.

Defendant brought this appeal from the judgment and assigns as error the findings of cruelty on her part, on the ground that such findings are not supported by the evidence. The conduct of de-

fendant is detailed at length in the findings. It would serve no useful purpose to set forth such detail here. Suffice it to say, that the evidence, though weak as to certain specific findings, supports other findings of acts and conduct on the part of defendant amounting to extreme cruelty, and is amply sufficient to sustain the conclusion of extreme cruelty. The decree thus supported will not be disturbed. McKibben v. McKibben, 139 Cal. 448, 73 P. 143; Shapiro v. Shapiro, 127 Cal.App. 20, 14 P.2d 1058, 1059.

In the main the cruelty consisted of nagging, quarreling, frequent outbursts of temper, belittling of plaintiff by defendant, and some acts of violence. The evidence shows that such course of conduct inflicted grievous mental suffering upon the plaintiff and resulted in the aggravation of a spastic abdominal malady suffered by him. In Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94, this court quoted from the headnotes of Mosher v. Mosher, 16 N.D. 269, 113 N.W. 99, 12 L.R.A.,N.S., 820, 125 Am. St. 654, as follows:

"'A continuous course of fault-finding, threats, and other acts, intended to aggravate and annoy the other party to a marriage, though each act is trifling in itself, may cause such a degree of mental suffering as to constitute a ground for divorce on the charge of extreme cruelty.'" 31 Idaho at page 184, 170 P. at page 95.

See also: Clayton v. Clayton, 81 Idaho 416, 345 P.2d 719; Farmer v. Farmer, 81 Idaho 251, 340 P.2d 441; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 644; I.C. § 32–605.

■ Defendant also assigns as error the failure of the trial court to make detailed and specific findings as to cruelty on the part of plaintiff alleged in her cross-complaint. The finding in regard to the cross-complaint is as follows:

"That the Defendant * * * has failed to prove any act or acts of the Plaintiff * * * upon and toward her such as would entitle her to a decree of divorce and is not entitled to any relief under the allegations and prayer of her Cross Complaint."

Defendant made no objection to the findings as proposed by plaintiff, nor did she request further findings although the court allowed time for that purpose. The evidence produced in support of the cross-complaint is not such as to require any finding or findings, contrary to those made, or which would alter the judgment entered. The findings are sufficient. Arestizabal v. Arestizabal, 67 Idaho 492, 186 P.2d 218; Ruthruff v. Ruthruff, 52 Idaho 330, 14 P. 2d 958.

■ The court found the following shares of corporate stock, standing in the

name of the plaintiff, to be his separate property, to-wit:

20 shares of Bethlehem Steel
20 shares of General Motors
11 shares of Standard Oil Company of New Jersey
45 shares of Puget Sound Power & Light Co.

Defendant assigns this finding as error. The evidence shows that these stocks were purchased by plaintiff with the proceeds of a gift of $3,000 made to him by his mother in April, 1953.

Defendant also assigns as error the finding that the following corporate stocks standing in her name were the defendant's separate property:

160 shares of Bethlehem Steel
168 shares of Standard Oil Company of New Jersey
42 shares of Standard Oil Company of Indiana
1 share of Ford Motor Co. of Canada, Class B
21 shares of Ford Motor Co. of Canada, Class A
6 shares of Mission Development Co.
4 shares of Mission Corporation
5 shares of Consolidated Natural Gas Debentures, Standard Oil Co. of Indiana
120 shares of U. S. Steel
63 shares of General Motors.

Defendant contends that her mother owned those stocks and that defendant held them only as trustee. Two letters, from defendant's father, admitted in evidence, tend to prove that the father transferred to defendant certain stocks and money to enable her to care for her mother. One letter refers to defendant as "trustee." However, the letters contain no list of the stocks, the number of shares, nor the amount of money involved.

Defendant's mother lived with the parties a considerable period of time, during which defendant and her mother maintained a joint account in a savings bank and also a joint checking account. Defendant contends that the money in these accounts belonged to her mother and that she handled the accounts and the stocks for her mother. However, there is evidence that defendant purchased some of these stocks in her own name and for her own account, with money borrowed from her mother. Defendant was to repay the loans from dividends or other accumulations derived from the stocks. At one time defendant proposed to the plaintiff that certain of the stocks held by her be sold and the proceeds invested in a home. Defendant did not disclose all of her stock transactions to the plaintiff. She dealt with the stocks as her own, and led plaintiff to believe that the stocks, or a major portion thereof, were her own property.

The dividends from any stocks which defendant separately owned were community property. I.C. § 32–906. Defendant testified that her stock holdings were increased through the years by means of stock splits, the exercise of stock rights, and the reinvestment of dividends. The court found that at various times these stocks exceeded $30,000 in value. It is, therefore, evident that the community had an interest in the corporate stocks standing in defendant's name. She is not injured by the finding and award of stocks to her which were in fact either her separate property or community property. The finding and award is not binding upon defendant's mother, since she was not a party, and the finding leaves defendant free to account to her mother for any of the stocks of which she may have been the beneficial owner.

■ Defendant also complains of the division made of the community property. Plaintiff was awarded various items totaling $11,087.67, an old car and some personal effects. One item of $1,724.59 was money given plaintiff by his mother. Another of $2,761.57 was a teacher's retirement fund credit, not available to him so long as he continues to teach. At time of trial plaintiff was a professor of chemistry at the University of Idaho. His net pay was $688.01 per month and he was receiving $378 per year compensation from the U. S. Navy.

Defendant received, in addition to the community interest in stocks, most of the household goods, an automobile and the balance of the community checking account in the sum of $990.91. Her teacher's retirement fund credit was $407. At the time of trial she was teaching in Seattle. Her net pay was $294.88 per month. Temporary alimony of $175 per month was allowed and paid to defendant during the pendency of the action. Permanent alimony was denied.

■ Where a divorce is granted on the ground of extreme cruelty the court may divide the community property between the parties in such amounts as in its discretion it may determine to be fair and equitable, having regard to the circumstances of the parties. Farmer v. Farmer, 81 Idaho 251, 340 P.2d 441; Linton v. Linton, 78 Idaho 355, 303 P.2d 905; Heslip v. Heslip, 74 Idaho 368, at page 372, 262 P. 2d 999; O'Brien v. O'Brien, 73 Idaho 64, 67, 245 P.2d 785; I.C. § 32–712. Such division, however, is subject to the paramount and superior discretion of this court on appeal. I.C. § 32–714; Farmer v. Farmer, supra; Jordan v. Jordan, supra. In the exercise of such discretion, a larger portion of the community property may be

awarded to the non-offending spouse. Farmer v. Farmer, supra; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Jordan v. Jordan, supra; O'Brien v. O'Brien, supra; Carter v. Carter, 39 Idaho 798, 230 P. 768. The division made in this case is not so disporportionate or unfair to defendant as to require this court to exercise its paramount discretion, or to interfere with the discretion exercised by the trial court.

However, in view of the disproportionate position of the parties with reference to available money for the payment of the costs of the litigation at the commencement of the action, we think the trial court was in error in denying suit money and attorney's fees to defendant. The judgment is affirmed except as to the provision thereof denying costs and attorney's fees to defendant, and the cause is remanded with directions to the district court to allow defendant's costs in that court, and to determine and allow a reasonable fee for defendant's attorney for services rendered in the trial court.

The order of the trial court denying defendant's motion for allowance of her attorney's fees and costs on appeal is affirmed, and defendant's motion filed in this court for such allowance is denied.

SMITH, KNUDSON and McFADDEN, JJ., and ROBERT E. McFARLAND, District Judge, concur.