393 P.2d 28

**Bertha JACKSON, Plaintiff-Appellant,**

v.

**Floyd JACKSON, Defendant-Respondent.**

No. 9388.

Supreme Court of Idaho.

June 12, 1964.

Randall & Bengtson, Lewiston, for appellant.

Morgan & Morgan, Lewiston, for respondent.

McQUADE, Justice.

On November 24, 1961, plaintiff-appellant, Bertha Jackson, filed a complaint seeking divorce from defendant-respondent, Floyd Jackson, on grounds of extreme cruelty. Respondent filed an answer and counterclaim in which he also sought a divorce on grounds of extreme cruelty. Trial was held and a decree of divorce was awarded the appellant; respondent's counterclaim was denied. In its decree the trial court awarded appellant community assets worth approximately $21,000.00, while the trial court awarded respondent community assets worth approximately $45,666.60. In addition, the trial court awarded appellant $100.-00 per month child support and $175.00 per month alimony. Appellant prosecutes this appeal solely from that portion of the divorce decree which divides the community property of the parties.

Appellant and respondent were married at LaCrosse, Washington, on May 23, 1928. They adopted a daughter, who at the time of trial was sixteen years of age. At the time of trial, appellant and respondent were both fifty-five years of age.

Following the marriage of the parties, they moved a number of times to a number of cities where respondent engaged in various occupations. During this period, appellant herself was engaged in various positions of employment.

In 1938 appellant and respondent settled in Lewiston, Idaho, where respondent engaged himself in business. In 1940 respondent formed a partnership known as Union Paper and Supply. It was later incorporated and at the time of trial the appellant and respondent owned all of the capital stock of Union Paper and Supply with the exception of one share held by an incorporator with no proprietory interest in the business.

The divorce was granted appellant in this case primarily because of respondent's association with another woman. While the trial court found that respondent's conduct was not immoral, the trial court also found that such conduct caused appellant embarrassment and grievous mental suffering.

The trial court also made the following finding concerning appellant's conduct:

"During said two-year period, plaintiff exhibited toward the defendant a

great amount of jealousy, some of which was totally unwarranted and, frequently, secretly followed the defendant and checked on his activity and kept a voluminous log and diary on the same and which conduct on her part is far from admirable, but no other inference can be drawn from the evidence than it was probably triggered by defendant's conduct aforesaid; that plaintiff's said conduct was the result of doubt and suspicion reasonably borne of appearances and cannot be strictly classed as cruelty to the defendant; * * *."

With the exception of a trunk, a cowboy vest and certain guns and watches inherited by the respondent, neither party to this appeal owns any separate property. The trial court found that excluding certain insurance policies, about which no testimony was produced concerning their value, the net fair market value of the other community assets at time of trial was $66,666.60.

Of the $66,666.60 community assets total, appellant was awarded the residence of the parties valued at $16,500.00 plus the furniture in the home valued at $4,500.00. Appellant was also awarded the insurance policies; however, as noted above, these policies were not included in the $66,666.60 figure. Appellant was awarded, therefore, property having a value of less than one-third of the net fair market value of all of the community assets. Appellant, however, was also granted $100.00 per month child support and $175.00 per month alimony.

Respondent, on the other hand, was awarded all of the corporate stock of the Union Paper and Supply Company together with a Ford station wagon, two house trailers and a boat and trailer. However, respondent was required to pay the mortgage on the residence awarded appellant and all of the premiums on the insurance policies. All payments required of the respondent were declared to be a lien upon his capital stock and a claim against his estate, but respondent retained the voting rights of said stock providing he was not in default of his payments to appellant.

Neither party questions the factual findings as made by the trial court. The only issue presented by this appeal is whether the trial court erred in awarding the appellant less than one-half of the community property in light of the divorce being granted on grounds of extreme cruelty.

I.C. § 32–712 provides for the disposition of community property. Its relevant portions are as follows:

"32–712. Community property and homestead—Disposition.—In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property and the

**334**

homestead must be assigned as follows:

"1. If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just.

"2. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property must be equally divided between the parties."

 Relying exclusively upon I.C. § 32-712(1), respondent contends that a trial court which grants a divorce on grounds of extreme cruelty is not required to award at least one-half of the community property to the injured party but may assign the property in such proportions as it deems just. The rule is that all sections of a statute should be considered and construed together. Keenan v. Price, 68 Idaho 423, 195 P.2d 662 (1948). When I.C. § 32-712 (1) is read in conjunction with (2) it is clear the statute intends that not less than one-half of the community property be awarded an injured party granted a divorce on grounds of adultery or extreme cruelty. The words of discretion in the statute serve only to illustrate that more than one-half may be granted the non-offending spouse. Jolley v. Jolley, 83 Idaho 433, 363 P.2d

1020 (1961); Farmer v. Farmer, 81 Idaho 251, 340 P.2d 441 (1959); Empey v. Empey, 78 Idaho 25, 296 P.2d 1028 (1956); Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669 (1954); O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d 785 (1952).

 Respondent also contends that we should consider the award of alimony as an award of community property. However, in this state the two are separate and distinct. I.C. § 32-706 and I.C. § 32-712. See also Beckstead v. Beckstead, 50 Idaho 556, 299 P. 339 (1931). The right of appellant to her share of the community assets arises from her equal rights in the property of the community. She has an interest in the community estate of the same nature and extent as that of her husband. Muir v. City of Pocatello, 36 Idaho 532, 212 P. 345 (1922). Alimony, on the other hand, is not a vested right but is designed solely for the support of the wife; it is granted at the court's discretion and it is subject to modification. I.C. § 32-706. It may be, as respondent contends, that the trial court's division of the community property and its award of alimony, when considered as a whole, represents a just and equitable settlement between the parties. However, I.C. § 32-712 requires that a spouse, granted a divorce on grounds of adultery or extreme cruelty, be awarded at least one-half of the community property of the parties. It was incumbent upon the

trial court to comply with this statute before considering an alimony award.

 The trial court made findings of fact to the effect that the interests of both parties would not be served by a lump sum award. This course considers that respondent has no means or method of making a cash adjustment. Were he required to sell the Union Paper and Supply Company, it would virtually destroy a community asset; that is, respondent would be forced to sell the company for much less than its present value. While ordinarily the court should so dispose of the community as to give each spouse sole and immediate control of his or her determined share, Largilliere v. Largilliere, 50 Idaho 496, 298 P. 362 (1931), such a settlement would work a hardship in this case. The trial court's decree, therefore, may provide that respondent pay appellant her community share in monthly installments or otherwise, to be secured by whatever means the trial court deems proper.

As the trial court stated in its finding of fact number 11, "* * * by reason of the circumstances of the parties, the property division and alimony allowances hereinafter set forth would be the same if a decree of a divorce were awarded to the defendant or both parties; * * *." The allowance of alimony and the amount thereof are generally matters which are left to the discretion of the trial court. Malone v. Malone, 64 Idaho 252, 130 P.2d 674 (1942).

The trial court is instructed to make such adjustments and modifications as are necessary and proper in light of this opinion.

Judgment affirmed as modified.

Costs to appellant.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.