394 P.2d 1008

Richard LAWSON, Plaintiff-Respondent,

v.

Marilu LAWSON, Defendant-Appellant.

No. 9329.

Supreme Court of Idaho.

July 20, 1964.

Rehearing Denied Sept. 16, 1964.

Felton & Bielenberg, Moscow, for appellant.

J. H. Felton, Lewiston, and G. Kent Burson, Tekoa, Wash., for respondent.

**446**

SMITH, Justice.

The appeal is from the judgment and decree of divorce, and particularly insofar as the judgment relates to the division of the community property and custody of the children, and fails to award appellant certain attorneys' fees and costs.

. Subsequent to the filing of the complaint on June 18, 1962, respondent paid appellant $250.00 a month for six months as support money, and also paid her $250.00 to use as attorney fees.

The judgment and decree was entered March 7, 1963. Appellant's notice of appeal to this Court was served and filed April 2, 1963.

April 29, 1963, appellant filed in the trial court her motion for costs and attorneys' fees on appeal and for temporary support money. The court after hearing the motion found that appellant "has refused to accept an award of cash and the attorneys' fees granted by the decree of divorce"; that she was without funds and that it had been "agreed by counsel that the plaintiff [respondent] will advance to the defendant [appellant] the sum of $2,000.00 for the purpose of costs on appeal, attorney fees and support pending the appeal, provided the said sum is to be deducted from the amount awarded to her by the decree." The court then ordered respondent to pay to appellant the sum of $2,000.00 from the moneys awarded by the decree, to be deducted from appellant's awarded share of her community property, and made the order effective as of May 10, 1963. Appellant did not appeal from that order, entered after entry of the judgment and decree.

Respondent (plaintiff) by this action sought divorce from appellant (defendant) on grounds of extreme cruelty, also sought custody of the two minor children of the parties, and an award of the community property. Appellant by her answer denied respondent's allegations of cruelty, and by affirmative pleading in the nature of a cross claim, sought the divorce on grounds of ex-

treme cruelty, the custody of the children, child support and attorney fees.

The trial court awarded respondent the divorce; also the custody of the two minor children "with the right of defendant [appellant] to have said children for one twenty-four hour period per week (not on week ends)"; and decreed that respondent pay appellant $500 as attorney fees.

The court then awarded to respondent all of the community property except a Thunderbird automobile awarded to appellant, and the sum of $25,000.00 "payable $5,000.00 within thirty days after the date of this decree and $2500.00 per year for eight years, without interest. This allowance is to compensate her for all of her community property rights, support money, court costs and child support." The facts are hereinafter summarized.

Appellant and respondent were married June 19, 1949, and are the parents of two sons, one born February 7, 1952, and the other August 30, 1954. They lived on their farm in Benewah County, Idaho. Both are from families who followed farming in that general area. They worked hard following their marriage in building up their farm operations. Respondent was considered to be a hard-working, honest, successful and respected member of his community and a good father to his children.

Appellant, on the other hand, was viewed by her aunt and close friends of the family (called as witnesses), as an emotionally insecure person, prone to "deep fits of depression" and "personality disorder." The evidence also indicates that she was incapable or unwilling to give respondent the love and affection he desired; rather, she devoted her attention to other men, indulging in scandalous conduct to the shame of respondent, their children, family and friends. The trial court made finding in accord with such evidence.

Appellant was regarded as a good mother to the children in the respect that she kept them clean and healthy, but a poor mother from the emotional and moral standpoint. In that regard the trial court found that "by reason of her conduct she does not provide an environment in her home which is for the best interests of the children."

After the parties separated the children remained part of the time with respondent on the farm. The evidence shows that they were happy and contented in the company of their father, respondent. The children informed the trial judge in chambers, that they desired to stay on the farm and live with their father.

Respondent's financial statement introduced in evidence showed total assets of $127,779.31 (which included "total current assets" of $23,235.71), total current liabilities of $41,777.50, and a resulting net worth

of $86,002.21; also a net farm income for the year 1962 of $14,064.11.

The trial court, in awarding appellant the automobile, and $25,000 payable over a period of eight years without interest, found that appellant had contributed by her efforts in the accumulation of the community property and that, in spite of her conduct, she should be awarded a portion thereof.

Appellant assigns as error the trial court's refusal to treat her motion to dismiss the action, as a motion for change of venue, asserting that since the parties and all but one of the witnesses resided in Benewah county, the trial should have been held in that county, for reasons of convenience. Bentley v. Lucky Friday Extension Mining Co., 70 Idaho 511, 223 P.2d 947 (1950). The trial court was correct in overruling such motion, and in regarding it as improper procedure in seeking a change of venue. A motion to dismiss cannot be treated as a motion for change of venue. Bistline v. Richards, Haga & Eberle, 85 Idaho 167, 376 P.2d 501 (1962). The assignment is without merit.

■ Appellant contends that the trial court erred in awarding respondent a divorce based on extreme cruelty. The finding of the trial court to the effect that appellant treated respondent in a cruel and inhuman manner, is fully supported by the evidence to which we hereinbefore have alluded. "The determination of the effects of cruelty is largely committed to the trial court." Angleton v. Angleton, 84 Idaho 184, 197, 370 P.2d 788, 795 (1962); I.C. § 32–605. Such assignment has no merit.

■ Appellant also contends that the trial court erred in awarding the custody of the children to respondent. The findings recite that the court, *with the consent of all counsel*, talked to the children separately in chambers, rather than permitting them to appear as witnesses in the case. The court then found, "Both boys expressed affection for both their father and their mother. Both stated that neither the father nor the mother attempted to alienate the affections of the other. * * * Both boys expressed a desire to live with their father on the farm and both asked to be relieved from living with their mother." The trial court then found and concluded that the interests and welfare of the children would best be served by allowing them to remain with respondent, their father. The evidence to which we hereinbefore refer fully supports such determination by the trial court; therefore it will not be disturbed on appeal. I.C. § 32–705; Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963); Angleton v. Angleton, supra; Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887 (1961); Rogich v. Rogich, 78 Idaho

449

156, 299 P.2d 91 (1956); Empey v. Empey, 78 Idaho 25, 296 P.2d 1028 (1956).

■ Appellant contends that the trial court erred "in basing its decision on evidence not in the record," obtained by conferring with the minor children in chambers. Throughout the trial, the trial judge informed counsel that he would interview the children in chambers rather than permit them to be called as witnesses in open court. Respondent's counsel agreed to such suggested procedure, and appellant's counsel never objected thereto. "It is within the discretion of the trial judge as to whether he will personally examine minor children, involved in custody proceedings, out of the presence of their contending parents." Stewart v. Stewart, 86 Idaho 108, 383 P.2d 617 (1963). See also Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490 (1956); Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081 (1938); 27B C.J.S. Divorce § 309(3) (1959). The assignment lacks merit.

■ Appellant contends that the trial court erred in its adjudged disposition of the community property, particularly in awarding to respondent approximately 75%, and to appellant approximately only 25% thereof, the major portion of appellant's award to be paid in annual installments extended over a period of years without payment of interest. The trial court's award is sanctioned by I.C. § 32–712 inas-

much as the court granted respondent the divorce on the ground of cruelty. That section of the statute provides that upon dissolution of the marriage by the decree of a court of competent jurisdiction upon any ground other than adultery or extreme cruelty, the community property must be equally divided between the parties, but in case of dissolution upon either of the two grounds specifically mentioned, it provides:

"If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the conditions of the parties, deems just."

See also Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964); Jolley v. Jolley, 83 Idaho 433, 363 P.2d 1020 (1961); Farmer v. Farmer, 81 Idaho 251, 340 P.2d 441 (1959); Empey v. Empey, supra; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669 (1954); O'Brien v. O'Brien, 73 Idaho 64, 245 P.2d 785 (1952).

I.C. § 32–714 provides however, that the disposition of the community property is subject to revision on appeal in all particulars, i. e., "to the paramount and superior discretion of the appellate court", Jordan v. Jordan, supra.

■ The court should, ordinarily, make disposition of the community prop-

erty so as to give unto each spouse the sole and immediate control of his or her determined share. Largilliere v. Largilliere, 50 Idaho 496, 298 P. 362 (1931). However, in Jackson v. Jackson, supra, this Court recognized that the best interests of the parties may not be best served by a lump sum award particularly if it would require a forced sale of assets; and that under such circumstances the court may provide an award to be paid in installments.

The property interests of the parties and the financial statement to which we hereinbefore refer, demonstrate that a lump sum settlement would necessitate either an additional loan by respondent or a forced sale of community assets, whereas the farming operations show sufficient net income with which to pay the installment payments decreed by the trial court to be paid, and to safeguard payment of the current liabilities of the operations; the current living and related expenses of respondent and the two children must also be considered.

Under the circumstances shown, the trial court did not err in its decreed division of the community property; nor in adjudging that the bulk of appellant's award be paid in annual payments over an extended period of years. The trial court erred, however, in failing to provide that the deferred installment payments bear interest at the legal rate of six per cent per annum, I.C.

§ 27–1904; I.C. § 32–714; Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416 (1954).

■ Appellant assigns as error the trial court's refusal, in its order entered as of May 10, 1963, to award attorneys' fees, costs and temporary support pending disposition of her appeal.

The judgment and decree of divorce was entered March 7, 1963, from which appellant appealed, by filing her notice of appeal, April 2, 1963. Appellant filed her motion for temporary support, attorneys' fees and costs on April 29, 1963, and she did not appeal from the order denying the motion entered May 23, 1963, after entry of the final judgment and decree. No appeal having been taken from such order of denial the assignment is without merit. The issue is squarely controlled by Nichols v. Nichols, 84 Idaho 379, 372 P.2d 758 (1962).

The judgment is modified in the respect that interest at the rate of six per cent per annum is allowed on the deferred payments of appellant's award to be paid annually in addition to the annual installment of the award, from the date of judgment, March 7, 1963, and as so modified, the judgment is affirmed.

Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN, and TAYLOR, JJ., concur.